627 So.2d 707 (1993)
Floyd SAFFORD
v.
DEPARTMENT OF FIRE.
No. 93-CA-0462.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1993.
*708 Rowena T. Jones, New Orleans Legal Assistance Corp., New Orleans, for plaintiff-appellant.
Jay Alan Ginsberg, Asst. City Atty., Elmer G. Gibbons, Deputy City Atty., Kathy Lee Torregano, City Atty., New Orleans, for defendant-appellee.
Before CIACCIO and WALTZER, JJ., and GULOTTA, J. Pro Tem.
JAMES C. GULOTTA, Judge Pro Tem.
Plaintiff, a seventeen year veteran firefighter with the New Orleans Fire Department, appeals his termination from the Department. We reverse.
The facts are that on February 19, 1992 plaintiff reported to his station at approximately 6:45 a.m. At approximately 8:30 a.m., the district chief received a telephone call from a woman claiming to be plaintiff's wife. The district chief concluded from that telephone conversation that Safford was possibly intoxicated or under the influence of drugs while on duty. The chief did not know the woman's voice nor could he identify that person as being plaintiff's wife. In order to confirm the woman's identity, the district chief called her back "at the number that she gave and also at the number she gave as her parent's house, which gave us confirmation." No other corroborating or confirmatory action was taken by the Department.
There were no complaints from plaintiff's fellow firefighters or any evidence of any unusual conduct on plaintiff's part on the morning in question which might indicate that he was under the influence of alcohol or drugs. Nevertheless, at 10:45 that morning, plaintiff was ordered to submit to a urinalysis and blood test based on grounds of "reasonable suspicion"[1]. After consulting with union attorneys plaintiff refused to submit to *709 the test. Plaintiff was immediately suspended and later terminated from his job.
An appeal by plaintiff resulted in a hearing before a Civil Service Commission hearing officer who, after considering the testimony and evidence, recommended that Safford be reinstated to his position. Nonetheless, the Commission found plaintiff guilty of violating City and Department policies in his refusal to submit to the substance abuse test and upheld plaintiff's termination. This appeal followed.
Plaintiff asserts that the Department's order to submit to the drug and alcohol test violated his constitutional right against unreasonable searches and seizures. According to plaintiff, the Department did not have sufficient facts or evidence to indicate possible substance abuse on the job and, therefore, did not have the requisite reasonable suspicion upon which to base its order that plaintiff submit to the blood and urine tests. We point out that plaintiff does not challenge the constitutionality of the City or Department policies generally, which allow for the testing of firefighters based upon individualized reasonable suspicion under certain circumstances.[2] Rather, plaintiff argues that ordering him to submit to the testing outside the perimeters of random testing and without reasonable suspicion was improper. We agree.
Under both Louisiana and Federal jurisprudence, mandatory drug or alcohol testing of police or certain correctional officers, other than uniformly or systematic random testing,
"... may be made only on the basis of a reasonable suspicion, based on specific objective facts and reasonable inferences drawn from those facts in light of experience that the employee is then under the influence of drugs or alcohol or that the employee has used a controlled substance within the twenty-four hour period prior to the required test."
Banks v. Dept. of Public Safety and Corrections, 598 So.2d 515, 518 (La.App. 1st Cir. 1992), quoting McDonnell v. Hunter, 809 F.2d 1302, 1309 (8th Cir.1987).[3] (Both Banks and McDonnell specifically addressed the validity of urinalysis testing.)
The propriety of a urinalysis test not ordered pursuant to a random drug testing program is appropriately evaluated according to whether the Department had reasonable suspicion that a particular officer was a user of illegal drugs. Banks v. Dept. of Public Safety and Corrections, supra at 519, citing Fraternal Order of Police, Lodge No. 5 v. Tucker, 868 F.2d 74, 77 (3d Cir.1989). This standard requires an "objective evaluation of whether reasonable suspicion existed." Fraternal Order of Police, Lodge No. 5 v. Tucker, supra at 77, citing Copeland v. Philadelphia Police Dept., 840 F.2d 1139 (3d Cir. 1988). "Factors important to such an evaluation include: 1) the nature of the tip or information; 2) the reliability of the informant; 3) the degree of corroboration; and 4) other facts contributing to suspicion or lack thereof." Fraternal Order of Police, Lodge No. 5 v. Tucker, supra at 78; Banks v. Dept. of Public Safety and Corrections, supra at 519.
When we consider the facts surrounding the telephone call from an individual purporting to be plaintiff's wife; that no corroboration of the authenticity of this call was made with the exception of the district chief calling back to the number given by caller herself; that plaintiff exhibited no unusual conduct on the morning of the call; that the wife was never called to testify that she did indeed make the call; and that the Office of Municipal Investigations conducted no substantial investigation before ordering plaintiff to submit to the test, we are led to conclude that no showing of reasonable suspicion was made upon which to base the order that plaintiff *710 submit to the test. The Civil Service Commission finding that reasonable suspicion existed was manifestly erroneous. See Walters v. Department of Police of New Orleans, 454 So.2d 106, 113-114 (La.1984) [appellate court is held to a manifest error standard of review in reviewing the Commission's findings of fact].
Having so concluded, we reverse and set aside the order of the Civil Service Commission terminating plaintiff's employment with the Department. Floyd Safford is to be reinstated with all back pay.
REVERSED AND RENDERED.
NOTES
[1] N.O.F.D. policy number 2/06-P-01-91 incorporates by reference Standard Operating Procedure 2/06-S-02-91 to be followed as a guideline for substance abuse testing. Relevant here is Standard Operating Procedure § 9.2 ("Category III, Reasonable Suspicion"), which requires a Department employee to participate in the substance abuse screening procedure "if there is a reason to believe the employee's fitness for duty is questionable" using the following relevant criteria:

Level I ...
Level II Any apparent facts or evidence that indicates possible substance abuse on the job.
Additionally, CAO Policy Memorandum 89, § 10-B1 provides for a first offense discharge if an employee "either refuses to participate in or submit to a search or inspection, urine drug or blood test as outlined in Section 8 of this policy regarding enforcement activities." Section 8, in relevant part, reserves to the City the right to order urine drug tests and blood tests "when a supervisor has reasonable suspicion" to suspect alcohol or substance abuse by an employee. § 8(b)(3).
[2] Federal jurisprudence has held that a public employer may require a fireman to submit to urinalysis based upon reasonable suspicion, recognizing that the "City has a compelling interest in having its firefighters free from drugs. Firefighters must be prepared to react and make decisions quickly in order to insure public safety." Everett v. Napper, 833 F.2d 1507, 1511 (11th Cir.1987). See Penny v. Kennedy, 915 F.2d 1065 (6th Cir.1990).
[3] We have neither found nor have we been cited any Louisiana Fourth Circuit or Supreme Court cases which considered this issue.