**STATE of Vermont v. Edward M. NICHOLS**

[702 A.2d 77]

No. 97-052

July 28, 1997. Defendant Edward Nichols appeals his conviction of disorderly conduct in violation of 13 V.S.A. § 1026. We affirm.

First, defendant contends that surplusage in the information permitted conviction of a crime not authorized by the Legislature, a claim made for the first time on appeal. A defendant who fails to object to an information before trial waives all objections except those that challenge the trial court's jurisdiction or allege that the information failed to charge an offense. V.R.Cr.P. 12(b)(2). Any nonjurisdictional challenges to the information will be reviewed only for plain error. V.R.Cr.P. 52(b). An error is plain only in rare and extraordinary cases where it so affects the substantial rights

of the defendant that it must be noticed despite lack of preservation. *State v. Roy,* 151 Vt. 17, 23, 557 A.2d 884, 888 (1989).

A person may not be convicted of a crime that has not been authorized by the Legislature. See *State v. Kreth,* 150 Vt. 406, 408, 553 A.2d 554, 555 (1988) (information that omits essential element of crime charged is defective and cannot serve as basis of conviction). The crime of disorderly conduct is defined as "intent to cause public inconvenience, or annoyance or recklessly creating a risk thereof [by engaging] in fighting or in violent, tumultuous or threatening behavior." 13 V.S.A. § 1026. The information charged that defendant engaged in violent, threatening language *and* behavior. Thus, defendant's claim is not that the information failed to charge a crime. Instead, it is that the information contained more allegations than necessary to charge a crime.

Defendant's alleged behavior was contained within the statutory definition of disorderly conduct and was proscribed by 13 V.S.A. § 1026. The use of conjunctive language in the information, requiring the State to prove two elements instead of one, did not disadvantage defendant. Defendant has not shown that the alleged error in the information was one of substance, or that the surplusage amounted to plain error. See generally 1 C. Wright, Federal Practice and Procedure § 127, at 424 (2d ed. 1982) ("surplusage is not fatal to the validity of an indictment").

Next, defendant argues that surplusage in the jury instructions permitted the jury to convict him of abusive language without finding that the language rose to the level of "fighting words." See *State v. Read,* 165 Vt. 141, 148, 680 A.2d 944, 948 (1996) (abusive language provision of 13 V.S.A. § 1026(3) is properly construed as proscribing only fighting words). As defendant failed to raise this claim below, we review only for plain error. See *Roy,* 151 Vt. at 23, 557 A.2d at 888. The instructions charged the jury to convict defend-

ant only if he "engaged in violent, threatening language and behavior." Defendant could not be convicted for language alone; as in the information, the reference to threatening language was surplusage, which increased the State's burden beyond that required by the statute. The error was harmless and certainly did not reach the level of plain error. See *id.*

For the above reasons we also reject defendant's claim that the jury may have convicted him without unanimity because some jurors could have based their decision on defendant's language while others could have relied on defendant's behavior. The jury instruction was phrased in the conjunctive and required jury unanimity on improper behavior, as well as improper language.

*Affirmed.*