**STATE of Vermont v. George MORRISSETTE**

[743 A.2d 1091]

No. 98-412

November 15, 1999. Defendant George Morrissette was charged with operating a motor vehicle while under the influence of intoxicating liquor as a third offense (DUI-3). Defendant pleaded guilty pursuant to a conditional plea agreement that reserved his right to appeal the denial of his motion to dismiss the enhancement allegation. We affirm.

In November 1997, defendant was charged with DUI as a third offense, the information alleging that he was previously convicted of the same crime on January 20, 1992 and again on October 30, 1997. Defendant was represented by counsel in both instances and did not appeal either conviction. Nevertheless, when the State sought to use the 1992 conviction in the enhancement portion of

the current action, defendant argued that the prior guilty plea failed to comply with the constitutional requirements of *Boykin v. Alabama*, 395 U.S. 238 (1969), and V.R.Cr.P. 11 and was thus invalid and unavailable to the State for enhancement purposes.

In *Boykin v. Alabama*, the United States Supreme Court held that a trial judge could not accept a defendant's guilty plea "without an affirmative showing that it was intelligent and voluntary." 395 U.S. at 242. Vermont adopted this directive in V.R.Cr.P. 11(d), which states that "[t]he court shall not accept a plea of guilty . . . without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement." V.R.Cr.P. 11(c) requires that the court inform the defendant of the nature of the charge against him, the mandatory minimum penalty, if any, and the maximum possible penalty for the offense to which the plea is offered. The defendant must also be advised of his right to plead not guilty or to persist in that plea if it is already made. See V.R.Cr.P. 11(c). Finally, if a defendant pleads guilty, he must be advised that by doing so he waives his right to a jury trial, the privilege against self-incrimination, and the right to be confronted with witnesses against him. See *id.* It is the task of the court to assure itself that the defendant understands the nature of the charge and the consequences of the plea.

On January 20, 1992, defendant executed a form entitled "Waiver of Rights and Request to Enter a Plea," which addressed everything required by a V.R.Cr.P. 11(c) inquiry, except for a statement of the charge.[1] Defendant also signed a "Notice of Plea Agreement" form, which indicated that he was pleading guilty to DUI and admitting to a civil suspension, and that the State had agreed to recommend a sentence of two days or for time served. At the change of plea hearing held on that same date, defendant acknowledged receipt of the information, which contained a clear statement of the charge. He waived a reading of the charge. He also acknowledged receipt of the affidavit of probable cause. Defendant, through his attorney, stipulated to a factual basis for the charge based on the police officer's affidavit. He was then asked directly by the court if he had examined the waiver-of-rights form and if he understood it. He replied affirmatively. He was then asked if he had any questions regarding his plea, and he indicated that he did not.

In this DUI-3 case, the court consolidated defendant's motion with motions in six other criminal cases, all of which challenged prior convictions as being the product of invalid plea procedures. Defendant's case was one of five cases wherein the defendant was represented by counsel. In two of the consolidated cases, the defendants were unrepresented when their guilty pleas were offered. In its ruling, the court first noted that neither the federal nor state constitutions require suppression of procedur-

---

[1] Defendant objects to the State including a copy of the waiver-of-rights form with its brief, arguing that the document, along with the written plea agreement

from January 20, 1992, is not included in the record on appeal and that the record does not establish that these documents were presented to the trial judge. However, the court specifically mentions the waiver-of-rights form in its decision denying defendant's motion, and the 1992 case file indeed contains the waiver form and plea agreement, copies of which were submitted by the State. We therefore assume that the court took judicial notice of the record in the 1992 case when deciding the motion, and we also take judicial notice of the record in the 1992 case for purposes of this decision.

ally defective prior convictions where the defendants were represented by counsel. It held that due process does not include the right to collaterally attack a conviction when the defendant failed to raise any constitutional or V.R.Cr.P. 11 violation on appeal or in a request for plea withdrawal or post-conviction relief. Defendant appeals from this decision. Because we conclude that defendant's 1992 conviction was the result of a valid guilty plea, we do not address the issue addressed by the trial court.

The purpose of V.R.Cr.P. 11(c)-(d) is to assure that a plea is knowingly and voluntarily made. See *In re Thompson*, 166 Vt. 471, 474, 697 A.2d 1111, 1113 (1997). Toward this end, we have required a practical application of the rule ensuring fairness, rather than a technical formula to be followed. See *State v. Ploof*, 162 Vt. 560, 563, 649 A.2d 774, 776-77 (1994). The precise form of the V.R.Cr.P. 11 colloquy may vary from case to case, depending on factors such as the competence of the defendant and the complexity of the legal issues. See *In re Hall*, 143 Vt. 590, 595, 469 A.2d 756, 758 (1983). In such inquiries, "[m]atters of reality, and not mere ritual, should be controlling." *Kennedy v. United States*, 397 F.2d 16, 17 (6th Cir. 1968). When a collateral attack is brought against the validity of a plea based on alleged violations of V.R.Cr.P. 11, we require substantial compliance with the requirements of the rule. See *Thompson*, 166 Vt. at 476, 697 A.2d at 1113-14.

The reality in this instance is that defendant was represented by counsel when he executed a waiver-of-rights form and a notice-of-plea agreement and pleaded guilty to the 1992 charge of DUI. Responding to the court's inquiry, he asserted that he understood the waiver form and the plea agreement. Given the straightforward nature of the charge and the lack of any evidence that defendant was not competent to understand his situation, we conclude that (1) defendant's execution of the waiver forms and written plea agreement, (2) the court's inquiry confirming that defendant understood these documents, and (3) defendant's stipulation to the factual basis for the charge show substantial compliance with V.R.Cr.P. 11.[2] Accordingly, the court did not err in ruling that defendant's 1992 DUI conviction could be used to enhance the penalty for his most recent DUI conviction.

Because we hold that defendant's 1992 counseled guilty plea was valid, we do not reach the forum and burden of proof issues he raised.

*Affirmed.*

Motion for reargument denied December 14, 1999.

---

[2]This case does not present the total failure to comply with V.R.Cr.P. 11(f) that we found fatal on appeal in *State v. Yates*, 169 Vt. 20, 27, 726 A.2d 483, 488 (1999). Here, defendant knew the charge against him and agreed that the facts were present to support the charge.