STATE of Vermont v. Alan RIEFENSTAHL

[779 A.2d 675]

No. 00-252

July 18, 2001. Defendant Alan Riefenstahl was charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2), with a third offense felony enhancement. Defendant pleaded guilty pursuant to a conditional plea agreement that reserved his right to appeal the denial of his motions to suppress and dismiss for lack of probable cause to stop defendant and to strike his prior convictions. Defendant contends the trial court erred by: (1) denying his motion to suppress evidence derived from a stop of his vehicle based upon information supplied by a named informant; and (2) failing to grant his motion to strike his

prior convictions because they did not comply with V.R.Cr.P. 11. We affirm.

On October 26, 1999, at approximately 5:00 p.m., a South Burlington police officer received a dispatch that a sales clerk at the South Burlington Shell station had reported that the male operator of a black Ford Bronco with Vermont license plate BNR 139 "was possibly intoxicated and driving." The informant identified himself by name to the police, and the informant's name was also provided in the dispatch to the officer. The informant reported that the Bronco was heading south on Shelburne Road. The officer proceeded north on Shelburne Road until she located the Bronco, and then turned around and followed the vehicle. While she attempted to catch up to the Bronco, there were first three other cars in traffic between the officer and the Bronco, and eventually only one other car between them. The officer testified that, while in pursuit, she did not observe any signs of erratic driving, but that she could not properly observe the Bronco because of weather conditions and the other traffic. She then observed the Bronco pull into a driveway. The officer activated her vehicle's blue lights and followed it into the driveway. Defendant exited the Bronco and stood next to it, with the door open, until the officer approached. The officer initiated field sobriety tests, which defendant failed. Subsequently, defendant was arraigned on the charge of DUI with a felony enhancement for a third offense. The information alleged that defendant had previously been convicted of DUI on January 9, 1995, September 11, 1991, and September 18, 1985.

Defendant moved to dismiss the charges, claiming that the officer lacked probable cause to stop him and process him for DUI. The court rejected his argument, ruling that under the totality of the circumstances the detailed information provided by the named informant, which the officer was able to confirm,

justified the stop. See *State v. Lamb*, 168 Vt. 194, 197, 720 A.2d 1101, 1103 (1998) (detailed information provided by anonymous informant, and verified by officer, sufficient to warrant stop).

Defendant also moved pursuant to V.R.Cr.P. 12(d) to strike the prior DUI convictions, claiming he did not enter a knowing and voluntary plea. At the February 2, 2000 status conference, defense counsel represented that defendant was represented by counsel at the 1991 change of plea, and that he was still waiting for the transcript of the 1995 change of plea. Ruling from the bench, the court denied defendant's motion to strike the 1991 conviction because defendant was represented by counsel during the change of plea on the 1991 charge. On May 8, 2000, defendant entered a conditional plea of guilty.

On appeal, defendant first contends that the information provided by the named informant was insufficient to provide a reasonable articulable suspicion of wrongdoing to justify a stop. In the time since defendant filed his notice of appeal, we decided *State v. Boyea*, 171 Vt. 401, 410, 765 A.2d 862, 868 (2000), in which we held that an anonymous tip alone, reporting erratic driving, can justify a brief investigative stop where the tip accurately describes a vehicle and its route and location upon a highway. In *Boyea*, the officer did not observe any signs of erratic driving or suspicious behavior before he stopped the defendant's vehicle. Upon arrival at the predicted location of the vehicle, however, the officer confirmed the credibility and reliability of the tipster's information. Balancing the risk of harm posed by failing to detain the driver against the minimal intrusion occasioned by the detention, we concluded the stop was reasonable.

The reasonableness of the officer's investigative stop in this case is even stronger because the informant identified himself, his location of observation, and demonstrated his "willingness to bear the consequences of the accusation." *Lamb*, 168 Vt. at 203, 720 A.2d at 1107 (Dooley, J., dissenting); cf. *Florida v. J.L.*, 529 U.S. 266, 275 (2000) (Kennedy, J., concurring) (anonymous informant "has not placed his credibility at risk and can lie with impunity"). Generally, information about criminal or suspicious activity from a citizen, who is not a paid informant and is unconnected with the police, is presumed to be reliable. *United States v. Sierra-Hernandez*, 581 F.2d 760, 763 n.1 (9th Cir.), *cert. denied*, 439 U.S. 936 (1978). The informant here provided a detailed description of the vehicle, its make, model, license plate number, route and direction of travel. The informant also reported that the operator was possibly intoxicated. The named informant's tip contained sufficient indicia of reliability to justify the stop. *State v. Kettlewell*, 149 Vt. 331, 335, 544 A.2d 591, 594 (1987); see also *Adams v. Williams*, 407 U.S. 143, 147 (1972) (rejecting argument that "reasonable cause for a stop . . . can only be based on the officer's personal observation").*

---

* The dissent relies on our decision in *Kettlewell* to challenge the content of the tip. The facts of *Kettlewell* on this point are easily distinguishable, and no space will be devoted to that task here. Suffice it to say that, had the police officer herein been provided with a statement from a store clerk that "there was a man in the store and I did not know whether he was drunk or not," I would agree that the content of the tip was insufficient. However, here we have a store clerk relaying his opinion that a man he saw in the store was "possibly intoxicated and driving." As the United States Supreme Court wrote in *Terry v. Ohio*, in order to make a valid stop to investigate suspected criminal activity, "the police officer must be able to point to specific and articulable facts which, taken together with rational

Defendant next challenges the court's failure to strike the two DUI convictions that supported the felony enhancement. Defendant maintains that the trial courts did not adhere to the strict requirements of V.R.Cr.P. 11. Specifically, he claims that during the 1991 plea colloquy, he was never informed of the penalty he was facing and the rights he was waiving. Defendant claims the court never addressed him directly to ensure the plea was voluntary or that there was a factual basis for the charge. Regarding the 1995 conviction, defendant maintains the court failed to address him or determine if the plea was voluntary and never inquired whether there was a factual basis for the plea.

The purpose of Rule 11 is to ensure that a plea is knowingly and voluntarily made. *State v. Morrissette*, 170 Vt. 569, 571, 743 A.2d 1091, 1092 (1999) (mem.). To ensure the goals of V.R.Cr.P. 11, however, we require only "a practical application of the rule ensuring fairness, rather than a technical formula to be followed." *Id.* Substantial compliance, rather than strict adherence to the rule is required. See *In re Thompson*, 166 Vt. 471, 476, 697 A.2d 1111, 1114 (1997). Review of the transcript for the 1991 change of plea reveals that the colloquy substantially complied with Rule 11. At the 1991 change of plea, defendant was represented by counsel, who announced that a plea agreement had been reached and provided the court with a copy. The court asked defendant if he filled out the change of plea which contained a waiver

inferences from those facts, reasonably warrant [the] intrusion." 392 U.S. 1, 21 (1968). We noted in *Kettlewell* that "[h]e [the constable] did not even say he suspected they [the Mexicans] were illegally in the country," and thus we held the trooper had no "specific and articulable facts" as required by *Terry* to warrant the investigatory seizure. 149 Vt. at 337, 544 A.2d at 595.

of rights and whether he understood everything on the change of plea form, to which defendant responded yes. The court informed defendant that he had a right to plead not guilty, asked if he had had an opportunity to consult with counsel, informed him of the maximum penalty and questioned defendant's counsel whether he could use the affidavit of probable cause as the factual basis for the plea, to which counsel responded yes. There was substantial compliance with V.R.Cr.P. 11. See *Morrissette*, 170 Vt. at 571, 743 A.2d at 1093 ("Given the straightforward nature of the charge and the lack of any evidence that defendant was not competent to understand his situation, we conclude that (1) defendant's execution of the waiver forms and written plea agreement, (2) the court's inquiry confirming that defendant understood these documents, and (3) defendant's stipulation to the factual basis for the charge show substantial compliance with V.R.Cr.P. 11.").

Regarding the 1995 change of plea, the State contends that defendant failed to preserve this issue as he did not present the trial court with a transcript of the 1995 change of plea. Defendant has the burden of proving that the 1995 plea was invalid. *State v. Delisle*, 171 Vt. 128, 132-33, 758 A.2d 790, 793 (2000). Defendant never presented the trial court with a transcript or other evidence supporting his claim that the plea was not knowingly and voluntarily made. See *State v. Lambert*, 146 Vt. 142, 145, 499 A.2d 761, 764 (1985) ("The State's ultimate affirmative duty to establish the validity of a plea does not excuse defendant's insufficient effort to come forward on his claim."). Defendant made a statement to the court that he would be challenging the 1995 conviction, and was granted a continuance to allow a hearing on this claim, but he failed to follow up and present the challenge. Because he abandoned below the challenge to the

1995 conviction, and the court therefore did not rule on this issue, he has waived this claim for purposes of appeal. See *State v. Nichols*, 167 Vt. 566, 567, 702 A.2d 77, 78 (1997) (mem.) (failure to raise claim below precludes review absent plain error); *State v. Koveos*, 169 Vt. 62, 71, 732 A.2d 722, 729 (1999) ("In the absence of an adverse ruling, there is no error for review.") (internal quotations omitted).

*Affirmed.*

**Dooley, J.,** dissenting. This case is controlled by *State v. Kettlewell*, 149 Vt. 331, 544 A.2d 591 (1987), a case in which the State argued that the tip of an identified informant gave a state policeman reasonable suspicion to search a travel trailer controlled by defendant and containing marijuana and two Mexicans. We reversed defendant's conviction because the *content* of the tip was insufficient for the policeman to " 'reasonably surmise that the particular vehicle they stopped was engaged in criminal activity.' " *Id.* at 335, 544 A.2d at 594 (quoting *United States v. Cortez*, 449 U.S. 411, 421-22 (1981)). The State's theory was that the tip was sufficient for the officer to have reasonable suspicion that the Mexicans were illegal aliens. We concluded, however, that the tip was equivocal — "I did not know whether they were legal or not" — and was conclusory because no reason was stated for the informant's suspicion. *Id.* at 337, 544 A.2d at 595. Because the requirements of *Kettlewell*, and the numerous United States Supreme Court decisions on which it is based, require that we hold that the stop of defendant's car in this case was unjustified, I dissent.

The entire relevant content of the informant's tip in this case was that the defendant "was possibly intoxicated." If anything, this tip is weaker than that found inadequate in *Kettlewell*. It is wholly conclusory, lacking any supporting observations of defendant's conduct.

It is, at best, equivocal, expressed in language that would apply to any driver on the road. Although it is difficult to find cases that are identical to this one, I note that courts have generally found inadequate justifications for searches and/or stops based on possibilities, with no supporting information showing the commission of a crime. See, e.g., *State v. Williamson*, 965 P.2d 231, 233 (Mont. 1998) (probable cause lacking where named informant reported a "possible drunk driver"); *Graf v. Dep't of Commerce & Regulation*, 508 N.W.2d 1, 3-4 (S.D. 1993) (anonymous tip that driver was "possibly" intoxicated insufficient to justify the stop); *Garcia v. State*, 894 S.W.2d 865, 869 (Tex. Ct. App. 1995) (no reasonable suspicion to stop where defendant was observed driving a truck away from a house which a federal officer reported was "possibly a storage point for narcotics"); see also *Safford v. Department of Fire*, 627 So. 2d 707, 709-10 (La. Ct. App. 1993) (no reasonable and articulable suspicion where female caller, claiming to be fireman's wife, made statements from which fire chief concluded fireman was "possibly intoxicated").

Except for a footnote in response to this dissent, the majority ignores the requirement that the tip have sufficient content to raise a reasonable suspicion that defendant was committing a crime, instead detailing why, based on our recent decisions, the informant's statement was reliable because the informant gave his name and was able to describe defendant's vehicle and route of travel. I agree that the State has established reliability, but find this discussion beside the point. The reliability of the informant cannot make up for an inadequate statement on which to base a stop.

Indeed, I think the majority's reliance on informant tip cases is now producing an improper distortion in our law. I cannot believe the majority would uphold a stop by a police officer who testified

that he or she made the stop based on a belief that the operator was possibly intoxicated, and offered no specific observations to support the conclusory opinion. I think we would label such an opinion a speculative hunch and unanimously find that there was no reasonable and articulable suspicion to justify the stop. Today, we are upholding a stop based on exactly the same information when it comes from an informant. Impliedly, the majority is saying that an informant can say anything, and the statement will be sufficient justification for a stop as long as it somehow names the person to be stopped. In oral argument, the State carried this theory to its logical limit by claiming it would be sufficient if a reliable, named informant stated only "Stop [defendant] for DUI!" In our zeal to recognize a role for informants and to combat DUI, we have taken the unprecedented step of eliminating a main part of the *Terry* stop requirements where informants are involved.

Finally, I emphasize that I would be more likely to accept the majority position if I thought this approach necessary to combat DUI. In fact, the record before us demonstrates to the contrary. The State obtained an affidavit from the informant that shows he is a former bartender and recognized numerous signs of intoxication in defendant. If the police dispatcher had only asked the informant to clarify his opinion and describe the observations behind the opinion, this case would probably not be here on appeal. Rather than adopting an unprecedented and unwarranted relaxation of constitutional requirements to justify a stop, we should be sending the message that police departments need to tighten procedures to obtain the information necessary to properly support a stop.

I dissent. I am authorized to state that Justice Johnson joins in this dissent.