*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-219

MARCH TERM, 2012

| | |
|---|---|
| In re Paul A. Miglorie | } APPEALED FROM: |
| | } |
| | } Superior Court, Rutland Unit, |
| | } Civil Division |
| | } |
| | } |
| | } DOCKET NO. 611-8-09 Rdcv |

Trial Judge: William D. Cohen
                          Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Petitioner appeals from the superior court's entry of judgment against him with respect to his petition for post-conviction relief (PCR). We affirm.

In February 2009, petitioner entered into a plea agreement in which he pled guilty to one count of driving under the influence (DUI), third offense; one count of driving with a suspended license; one count of possession of a regulated drug; and two counts of a violation of conditions of release. Petitioner was represented by counsel at the March 28, 2009 change-of-plea hearing. After the court reviewed each of the charges against him and petitioner acknowledged the maximum penalty associated with each, petitioner answered in the affirmative to the following question: "If all of those cases went to trial, based on that information and the police officers affidavit, do you admit that a Court or a jury could find you guilty of the elements of the offenses beyond the reasonable doubt." At the conclusion of the colloquy, the court accepted petitioner's pleas.

In December 2009, petitioner filed an amended PCR petition seeking to have his convictions vacated because of the change-of-plea court's failure to make "such inquiry as shall satisfy it that there is a factual basis" for each of his pleas, as required by Vermont Rule of Criminal Procedure 11(f). In a December 1, 2010 decision, the superior court denied petitioner's motion for summary judgment, ruling that his acknowledgment at the change-of-plea hearing that he could be found guilty of the charged offenses based on the informations and police affidavits, coupled with the affidavits and the waiver of rights in the plea agreement, was sufficient to satisfy Rule 11(f). In March 2011, the superior court, by entry order, invited the State to seek judgment as a matter of law based on its December 1 decision. In response, the State filed a brief motion styled as a motion for summary judgment. The court granted the motion on a motion-reaction form shortly thereafter. Petitioner appeals, arguing that he is entitled to summary judgment because the change-of-plea court entered judgments and imposed

sentences based on his guilty pleas without first establishing a factual basis for each of the charges to which he had pled.

"When a collateral attack is brought against the validity of a plea based on alleged violations of V.R.Cr.P. 11, we require substantial compliance with the requirements of the rule." State v. Morrissette, 170 Vt. 569, 571 (1999) (mem.). We require "a practical application of the rule ensuring fairness, rather than a technical formula to be followed." Id. We have found that stipulating to a factual basis for a charge at a plea proceeding substantially complies with Rule 11(f). State v. Cleary, 2003 VT 9, ¶ 29, 175 Vt. 142.

According to petitioner, because the transcript indicates that the court used the singular in referring to "information" and "affidavit" when asking defendant if he acknowledged a factual basis for the charges against him, his affirmative response cannot be construed as his acknowledgment of a factual basis for each of the charges. We disagree. The court read the informations for each of the charges before asking petitioner the following question: "If all of the cases went to trial, based on the information and the police officers affidavit, do you admit that a Court or a jury could find you guilty of the elements of the offenses beyond the reasonable doubt." (Emphasis added). In the context of petitioner just having acknowledged each of the informations read to him, the court's question plainly asked petitioner if he acknowledged that he could be convicted on each of the charges based on the facts contained in the accompanying information and affidavit for each charge. Indeed, if the court had simply used the word "each" instead of "all" in the above-quoted sentence, its referring to the words "information" and "affidavit" in the singular would have been entirely correct. No common-sense interpretation of the court's query permits us to assume that petitioner believed it to refer only to an unidentified single one of the multiple charges rather than to each of the charges just read by the court and acknowledged by petitioner. Further, as the superior court stated, the charges in this case were not so complex as to require a more searching inquiry by the change-of-plea court. See State v. Whitney, 156 Vt. 301, 303 (1991) (concluding that the elements of DUI, third offense, were "readily understandable").

Accordingly, we affirm the superior court's determination that the change-of-plea court's colloquy, in which petitioner acknowledged that there was a factual basis for the charges as set forth in the informations and affidavits, was sufficient to demonstrate substantial compliance with Rule 11(f). Petitioner's reliance upon State v. Couture, 146 Vt. 268 (1985), and In re Carter, 2004 VT 21, 176 Vt. 322, is unavailing insofar as those cases concern the unanimity of a jury verdict rather than substantial compliance with a Rule 11 colloquy.

Finally, petitioner briefly argues for the first time on appeal that the superior court's decision granting the State's motion for summary judgment must be reversed because the State failed to submit any attachments, including a statement of undisputed facts, revealing the contents of the underlying affidavits. According to petitioner, without such attachments, the court could not make the assumption against him, as the non-moving party, that the affidavits contained information establishing a factual basis for the charges. Petitioner's argument provides no basis to overturn the superior court's decision. First, petitioner raises the issue for the first time on appeal, even though the court invited the State to seek judgment as a matter of law based on the court's December 1 decision. See Fyles v. Schmidt, 141 Vt. 419, 422-23 (1982) ("Issues not ruled on by the trial court cannot be raised for the first time on appeal."). Second, the record reveals that petitioner, while represented by counsel, signed a plea agreement that contained a waiver of rights acknowledging, among other things, that he was aware of the

evidence supporting the charges against him and that, by pleading guilty, he was admitting the essential parts of the offenses being charged. In short, the record demonstrates that petitioner had acknowledged that the informations and accompanying affidavits contained facts upon which he could have been convicted of the charges against him.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

3