In re Carrie Newton, No. 548-8-11 Rdcv (Teachout, J., June 27, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

### STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Rutland Unit** | **Docket No. 548-8-11 Rdcv** |

**In re CARRIE NEWTON**

### DECISION
**Petitioner's Motion for Summary Judgment, filed 2/9/12**
**State's Motion for Summary Judgment, filed 3/9/12**

This is a petition for post-conviction relief on behalf of Carrie Newton. Ms. Newton pled guilty to counts of sale of cocaine, possession of cocaine, driving with a suspended license, and possession of a narcotic. Both Ms. Newton and the State of Vermont now move for summary judgment. Ms. Newton is represented by Mark E. Furlan, Esq. The State of Vermont is represented by Assistant Attorney General David Tartter, Esq.

On February 15, 2011, when Petitioner Carrie Newton pled guilty to one count each of sale of cocaine, possession of cocaine, driving with a suspended license, and possession of a narcotic, the pleas were entered pursuant to a plea agreement. During the plea colloquoy, Ms. Newton stated, in response to questioning from the Court, that she had read and understood the charges and that she was voluntarily waiving her rights and entering guilty pleas. The Court proceeded to take the charges one by one and, as to each charge, asked Ms. Newton if she admitted that she had committed each of the offenses. Ms. Newton responded that she had committed each offense. The Court then accepted Ms. Newton's guilty pleas, finding that there was a factual basis for each plea.

In her motion for summary judgment, Ms. Newton argues that the Court's plea colloquy failed to comply with the requirement of V.R.Cr.P. 11(f) that the Court establish that there is a factual basis for each plea. The State also moves for summary judgment. It argues that because Ms. Newton agreed that she had committed each of the offenses during the plea colloquy the requirements of V.R.Cr.P. 11(f) were satisfied.

Summary judgment is appropriate where there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. V.R.C.P. 56(c)(3). In response to an appropriate motion, judgment must be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). The facts of the plea colloquoy are as shown in the transcript, and are undisputed.

V.R.Cr.P. 11(f) provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." A violation of Rule 11(f), even without a showing of

prejudice, would be sufficient for the court to grant Ms. Newton relief. *In re Dunham*, 144 Vt. 444, 449 (1984). There is no per se rule as to how a trial court must ascertain the factual basis for a plea because the inquiry will necessarily vary from case to case. *State v. Whitney*, 156 Vt. 301, 302 (1991). The record must, however, "affirmatively show sufficient facts to satisfy each element of an offense." *Dunham*, 144 Vt. at 451. The trial court must also directly inquire into the factual basis of the plea, and the defendant must "admit to and possess an understanding of the facts as they relate to the law for all elements of the charge or charges to which the defendant has pleaded." *State v. Yates*, 169 Vt. 20, 24 (1999).

Substantial compliance with the rule is sufficient. *State v. Cleary*, 2003 VT 9, ¶ 15, 175 Vt. 142. A colloquoy with a defendant who stipulates to the factual basis of the plea substantially complies with Rule 11(f). *Id.* at ¶ 29; *State v. Morrissette*, 170 Vt. 569, 571 (1999) (mem.). The complexity of the charged offense and the factual circumstances are factors to consider in determining whether a plea colloquy substantially complied with Rule 11(f). *See Whitney*, 156 Vt. at 303.

The charges to which Ms. Newton pled guilty are not factually complex offenses that require a careful clarification as to what specific facts satisfy specific necessary elements of each offense. This is in contrast to the cases where the Vermont Supreme Court has found a Rule 11(f) violation. See *Yates*, 169 Vt. at 24 (finding Rule 11(f) violation where court failed to make any inquiry into the facts of an aggravated domestic assault charge); *Dunham*, 144 Vt. at 448 (1984) (finding Rule 11(f) violation where court failed to make any inquiry into the facts relating to the willfulness element of a second degree murder charge).

Unlike *Yates*, this case does not present a "total failure to comply with V.R.Cr.P. 11(f)." *Morrissette*, 170 Vt. at 571 n.2. Rather, it is similar to *Morrissette*, in which the "defendant knew the charge against him and agreed that the facts were present to support the charge." *Id*. For each of the counts at the change of plea hearing, the Court specifically asked Ms. Newton if she admitted the conduct that formed the factual basis for each count. The statement of each charge directly reflects and includes a factual description of the conduct underlying the charge. There are no elements such as 'willfulness' that require a particularized identification of supporting facts. By answering in the affirmative to each of the Judge's questions, Ms. Newton acknowledged the factual basis for each offense. The answers to these direct inquiries to the defendant concerning the factual basis for each offense were sufficient to satisfy V.R.Cr.P. 11(f).

## ORDER

For the foregoing reasons, the petitioner's Motion for Summary Judgment is *denied*, and the State's Motion for Summary Judgment is *granted*.

Dated at Rutland, Vermont this ___ day of June, 2012.

_____
Hon. Mary Miles Teachout
Superior Judge

2