Filed 05/05/21

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT  05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 585-9-15 Wncv

Bedell vs. State of Vermont

## DECISION ON THE MERITS

This matter came before the court for a final hearing on April 15, 2021.  Mr. Clinton Bedell attended by video link and was represented by Attorney William Cobb.  The State was represented by Attorney Bridget Grace.  Based on prior pleadings and motion practice and the evidence presented, the court makes the following findings of fact and conclusions of law.

This postconviction relief case was presented to the court earlier by cross-motions for summary judgment, the matter then having been narrowed to two issues, whether the change of plea colloquy was adequate under Rule 11 and whether Mr. Bedell in fact was competent to enter a plea at all.  The parties argued the Rule 11 issues in their motions without addressing competence.

By a decision filed on November 3, 2020, the court granted summary judgment to the State in part but deferred ruling on some Rule 11 issues until it had before it evidence concerning Mr. Bedell's competence. The court indicated that it would revisit those issues upon final hearing, and they have been briefed in the course of the summary judgment litigation.  The primary evidence related to those issues is the hearing transcript and petition to enter a plea and the plea agreement.

Mr. Bedell's plea was entered on February 5, 1998.  The allegations to which he pled guilty were contained in an amended information dated December 3, 1997, alleging that he, sometime in the fall of 1996 "engaged in a sexual act with another person under the age of 16, to wit E.B. (D.O.B. 12/14/83) and the actor was at least 18 years of age, resided in the victim's household and served in a parental role with respect to the victim," violating 13 V.S.A. § 3252(b)(2).  The information itself was devoid of other facts relating to the charge. It was supported by an affidavit of probable cause authored by Detective Michael Schirling, which recited that Mr. Bedell had impregnated his minor daughter with whom he lived.  The affidavit also contained the gist of admissions by Mr. Bedell to having had oral to vaginal contact with the victim, penis to mouth contact, and penis to vaginal contact, although Mr. Bedell denied intercourse.  The term "sexual act" was defined by § 3251(1) to include "conduct between persons consisting of contact between the penis and the vulva, the penis and the anus, the mouth and the penis, the mouth and the vulva."  The affidavit referenced other admissions he made as well.

Order
585-9-15 Wncv Bedell vs. State of Vermont

The case was scheduled for trial in the week following the change of plea hearing. The matter had been scheduled for a status/chambers conference on February 4, 1998. Attorney David Kidney represented Mr. Bedell, and he was counsel of record most of if not all of its duration. Attorney Kidney is now and was then an experienced criminal attorney.

In the week or so preceding the change of plea, Mr. Bedell had ingested some toxin (he says rat poison) that made him sick, and he spent multiple days at Central Vermont Hospital. He was out by February 2, and he and attorney Kidney went over a document entitled Petition to Enter Plea. Attorney Kidney had become aware that Mr. Bedell had several mental health issues, including a bipolar diagnosis. However, he did not have concerns during that period with Mr. Bedell's competence. He had previously had Dr. Weker, a psychiatrist, evaluate Mr. Bedell for sanity at the time of the offense and, while Dr. Weker had an opinion that Mr. Bedell did not meet the definition of sanity at the time, he expressed no issue with respect to competency.

As the matter first came to the judge for status on February 4, Mr. Bedell had taken a number of medications that affected his ability to stay awake (Percocet and Ambien). He was nodding off in court. Attorneys Kidney and Trono, the State's Attorney, prevailed on Judge Cheever to order Mr. Bedell to the State Hospital overnight so when he came the next day, he would be substance free.

Mr. Bedell came to court the next day, but he did not want to change his plea. The court announced that the case would proceed with trial the next Monday. Negotiations were ongoing, however, and by the afternoon there was agreement concerning a plea. Attorney Kidney advised the court that he had spoken to Mr. Bedell's doctor, and there was no medical reason why he could not proceed with the plea change vis-à-vis his excess prescription pill abuse the day before.

The court previously discussed the specifics of the plea colloquy in the summary judgment decision, which is incorporated here.

The colloquy was not a model of clarity. It would not pass muster under today's prevailing standards, particularly because there was no clear and specific factual basis set out on the record. However, in view of the standards prevailing at the time, the court concludes that the colloquy was sufficient, although barely so, to satisfy the requirements of Rule 11 as it then existed. At that time, the law allowed the factual basis to be satisfied by a stipulation of defense counsel. See *In re Gabree*, 2017 VT 84, ¶ 21, 205 Vt. 478 (Eaton, J., concurring) ("At the time this plea was taken, moreover, Vermont case law specifically held that an attorney *could* stipulate to a factual basis on behalf of his or her client." (citing *State v. Cleary*, 2003 VT 9, ¶ 29, 175 Vt. 142, and *State v. Riefenstahl*, 172 Vt. 597, 599 (2001) (mem.))).

The court is mindful that Mr. Bedell testified in this case that he had not reviewed the Schirling affidavit for a long time before the plea colloquy. Even were that the case, the criminal court read the

Order
585-9-15 Wncv Bedell vs. State of Vermont

Page 2 of 3

statutory language for the offense, which does describe the allegations by the State—they are not complex. Those allegations were all met by the Schirling affidavit, in part through Mr. Bedell's admissions. Mr. Bedell also told the criminal judge at the time that he "had read all the information."

While the court finds that Mr. Bedell's focus at the change of plea hearing was on the amount of time he would serve, the court does not find that he evinced any confusion concerning the charge. After being confused by the criminal court's question eliciting agreement as if there were no-contest plea, Mr. Bedell was able to speak with his attorney. He then admitted, "that's what happened." The only thing on the record was the court's recitation of the statutory charging language coupled with the Deputy State's Attorney's reference to the Schirling affidavit. Both Mr. Kidney and Mr. Bedel said they were satisfied that there was a factual basis for the charge. While it is possible that Mr. Bedell's response was rote, Mr. Kidney's response was not, and it was sufficient.

As to competency, the burden of proof rests on Mr. Bedell to demonstrate incompetence. The constellation of circumstances present at the time of the change of plea deserved a second look. However, despite Mr. Bedell having overdosed on narcotics and sleep aids the day before, there is insufficient evidence for the court to conclude that he was not able to understand the nature of what was happening at the plea change. In fact, he appeared alert to the issue that concerned him, the amount of time he would spend in jail. The court is most persuaded by the fact that his attorney was aware that Mr. Bedell had some mental health challenges and had considered a diminished capacity defense. Even with that in mind, however, attorney Kidney went forward with the plea change. He did not believe that Mr. Bedell was unable to understand what he was doing. They had spent time together privately several days earlier going over the Petition to Enter Plea. Mr. Kidney had sufficient knowledge of his client to have been alerted if Mr. Bedell seemed to be impaired in his thinking. The court finds that Mr. Bedell was competent at the time of the plea change, and the plea was voluntary.

Order

The State is entitled to judgment on Mr. Bedell's remaining claims. The State shall submit a form of judgment. V.R.C.P. 58(d).

Robert R. Bent,
Judge

Order
585-9-15 Wncv Bedell vs. State of Vermont

Page 3 of 3