NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2017 VT 79

No. 2016-142

| In re Anthony Bridger | Supreme Court |
|---|---|
| | On Appeal from |
| | Superior Court, Rutland Unit, |
| | Civil Division |
| | November Term, 2016 |

Mary Miles Teachout, J.

Matthew F. Valerio, Defender General, and Jill Paul Martin, Appellate Defender, Montpelier, for Petitioner-Appellant.

Rosemary M. Kennedy, Rutland County State's Attorney, Rutland, for Respondent-Appellee.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1. **SKOGLUND, J.** Petitioner Anthony Bridger appeals the trial court's order granting summary judgment to the State on his petition for post-conviction relief (PCR). He argues that his guilty-plea colloquy did not satisfy Vermont Rule of Criminal Procedure 11(f). We agree and so reverse and remand.

¶ 2. The record indicates the following. In July 2009, petitioner was charged in three counties—Bennington, Windham, and Rutland—with committing numerous burglaries. Petitioner pled guilty in the Bennington and Windham cases before the Bennington Criminal Division in September 2009. These cases were then transferred to the Rutland Criminal Division for purposes of joining the pending Rutland matter and for sentencing. In February 2010,

petitioner pled guilty before the Rutland Criminal Division to sixteen counts of burglary in the Rutland docket pursuant to a plea agreement. The remaining Rutland charges—nine counts of grand larceny and eight counts of petit larceny—were dismissed. In addition to an oral Rule 11 colloquy, petitioner signed a written waiver of his rights; he also signed restitution orders. At the sentencing hearing, the State noted that petitioner had cooperated with police and provided them with a full and complete confession. The court sentenced petitioner to six-to-twenty-years on the Rutland charges, and eighteen-months-to-five-years on the transferred Bennington dockets, to be served concurrently with the Rutland counts.

¶ 3.    In August 2015, petitioner filed a PCR petition, challenging the sufficiency of the Rutland Criminal Division's plea colloquy under Rule 11(f).[1]   Rule 11(f) provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Petitioner argued that he was entitled to summary judgment because he did not admit to any facts, and the court's colloquy on this point was "unlawfully sparse." The State opposed the motion and filed a cross-motion for summary judgment in its favor.

¶ 4.    The PCR court granted summary judgment to the State, relying on the following record from the change-of-plea hearing. At the hearing, the sentencing court discussed each burglary charge with petitioner, including the elements of the charges, the dates of the alleged crimes, the names of the victims, and the maximum penalty for each charge. The court described the rights that petitioner would be giving up by pleading guilty. Petitioner indicated that he understood the information provided to him by the court. The colloquy also included the following exchange:

---

[1]   Petitioner referenced all of his convictions in his PCR petition, including those from other counties. As the State pointed out, the plea colloquy in question concerned only the burglary charges on the Rutland County docket.

2

THE COURT: Do you agree that the affidavit of the [Vermont State Police] troopers that were—the affidavit—numerous affidavits, provide a factual basis to establish each of the essential elements of each of the charges?

THE DEFENDANT: Yes.

THE COURT: The Court will find that there is a factual basis.

The affidavits, which are part of the trial court record, recite, among other things, the victims' complaints to police and petitioner's confession to committing over twenty burglaries, including those charged. The affidavits set out petitioner's detailed description to police of various facts related to the burglaries, including the layout of the homes and the items that were stolen.

¶ 5. Based on this record, the PCR court concluded that the sentencing court did not violate Rule 11(f). In its analysis, the PCR court first noted that, to satisfy Rule 11(f) under this Court's precedent, the record must "affirmatively show sufficient facts to satisfy each element of an offense;" the sentencing court must directly inquire into the factual basis of the plea; and the defendant must "admit to and possess an understanding of the facts as they relate to the law for all elements of the charge or charges to which the defendant has pleaded." In re Bridger, 475-8-15 Rdcv, slip op. at 2 (Vt. Sup. Ct. Mar. 31, 2016) (quoting In re Stocks, 2014 VT 27, ¶¶ 14, 21, 196 Vt. 160, 94 A.3d 1143). The PCR court then stated that, under State v. Cleary and State v. Morrissette, "substantial compliance" with Rule 11(f) was sufficient and that a colloquy with a defendant who stipulates to the factual basis of the plea substantially complies with Rule 11(f). State v. Cleary, 2003 VT 9, ¶¶ 15, 29, 175 Vt. 142, 824 A.2d 509 ("When Rule 11 violations are alleged, we require only substantial compliance with the requirements of the rule." (citing State v. Morrissette, 170 Vt. 569, 571, 743 A.2d 1091, 1092-93 (1999) (mem.), overruled by In re Manosh, 2014 VT 95, ¶ 23, 197 Vt. 424, 108 A.3d 212)).

¶ 6. Here, the sentencing court asked petitioner if he "agree[d] that the . . . affidavits provide a factual basis to establish each of the essential elements of each of the charges," and

petitioner answered "yes." The PCR court rejected petitioner's contention that his "yes" should be interpreted as something less than an admission of the truth of the facts set forth in those affidavits. The PCR court observed, moreover, that the burglary charges were not factually complex offenses that required a careful clarification as to what specific facts satisfied specific necessary elements of each offense.

¶ 7. The PCR court rejected petitioner's assertion that this case was like Stocks, where the petitioner acknowledged only that he "understood" the State's allegations reflected in the charges against him, but never affirmed that they were true. 2014 VT 27, ¶ 18. Here, petitioner agreed that the affidavits provided a factual basis for each element of each of the charges. The sentencing court had fully advised petitioner of the elements of the offense and reminded him of the name of each of his victims. The PCR court concluded that there was substantial compliance with Rule 11(f) and that the sentencing court had made sufficient inquiry into the factual basis for the plea. The PCR court thus granted summary judgment to the State. This appeal followed.

¶ 8. Petitioner argues, as he did below, that the sentencing court violated Rule 11(f) because he did not explicitly admit to any facts during the colloquy, including any facts contained in the troopers' affidavits. He cites Stocks and contends that although he admitted to understanding the factual elements of the charged offenses and admitted that the troopers' affidavits provided a factual basis for those charges, he did not admit to any of the facts stated in the affidavits. Petitioner further asserts that the sentencing court erred in relying on affidavits to establish the factual basis. Citing State v. Yates, 169 Vt. 20, 27, 726 A.2d 483, 488 (1999), petitioner maintains that an affidavit may provide facts to support a guilty plea only if the defendant subsequently admits to those same facts in the plea colloquy.[2]

---

[2] Petitioner also argues, for the first time on appeal, that reliance on affidavits was improper because there was no clear indication that he had specific knowledge of the affidavits to which the court referred or that he had an opportunity to read and review those documents. Petitioner waived this argument by failing to raise it below. See Lane v. Town of Grafton, 166 Vt. 148, 153, 689

4

¶ 9. To prevail on his PCR petition, petitioner needed to show "by a preponderance of the evidence that one or more fundamental errors rendered his conviction defective." In re Brown, 2015 VT 107, ¶ 9, 200 Vt. 116, 129 A.3d 102 (recognizing that "PCR is a limited remedy" and that petitioner "bears the burden of proving that fundamental errors rendered his conviction defective" (quotation omitted)). We review the trial court's summary judgment decision de novo using the same standard as the trial court. In re Manosh, 2014 VT 95, ¶ 8. Summary judgment is appropriate "where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." In re Brown, 2015 VT 107, ¶ 9; see V.R.C.P. 56(a). We conclude that the PCR court erred when it granted summary judgment in favor of the State and enter summary judgment in petitioner's favor.

¶ 10. At the outset, and in light of the increasing number of Rule 11(f) cases being appealed to this Court, we review this Court's application of Rule 11(f), and clarify precisely what the Rule requires.

¶ 11. Over thirty years ago, this Court explained, "[T]he requirement of [Rule] 11(f) involves an understanding by the defendant that the conduct admitted violates the law as explained to him by the court. Absent this, no matter how perfectly the other parts of Rule 11 have been observed, we cannot find a voluntary plea." In re Dunham, 144 Vt. 444, 451, 479 A.2d 144, 148 (1984). Thus, from the beginning, this Court's Rule 11(f) jurisprudence has rested on two interrelated suppositions: that the Rule 11(f) inquiry is inextricably connected to the voluntariness of the defendant's plea and that, to demonstrate that voluntariness, "[t]here must be an adequate factual basis for all elements of the charge developed on the record." See id. at 450, 479 A.2d at 148. Further, we have consistently concluded that an "adequate factual basis" sufficient to demonstrate voluntariness must consist of some recitation on the record of the facts underlying the

A.2d 455, 457 (1997) ("Failure to raise a reason why summary judgment should not be granted at the trial level precludes raising it on appeal.").

5

charge[3] and some admission by the defendant to those facts. See, e.g., Yates, 169 Vt. at 27, 726 A.2d at 488 ("[A]n affidavit may be a source of facts to support the plea, but that the defendant must subsequently admit to these facts in the plea colloquy to demonstrate that there is a sufficient factual basis.").

¶ 12.    In In re Dunham, our first case examining Rule 11(f), the petitioner was present at the murder of Byron Nutbrown and subsequently charged with second degree murder. At the change of plea hearing, the petitioner's attorney asked the petitioner a series of questions about what he observed as a bystander on the night when another man murdered Nutbrown. Dunham, 144 Vt. at 446-47, 479 A.2d at 146-47. However, there was no inquiry into Dunham's state of mind concerning the element of "willfulness," an element of second degree murder. This Court, on appeal of the lower court's denial of a petition for post-conviction relief, held that "[t]here must be an adequate factual basis for all elements of the charge developed on the record," and that being a bystander at the scene of the crime was not sufficient to establish the intent element of the offense. Id. at 450, 479 A.2d at 148. Because the petitioner did not state or admit to a factual basis for the element of "willfulness," we found a lack of compliance with Rule 11(f) and, thus, a failure to establish a factual basis for the guilty plea. Id. at 450-51, 479 A.2d at 148 (recognizing the "case did not involve equivocal or contrary statements by the defendant, but rather an absence of any statements of facts concerning willfulness by the defendant or anyone else").

¶ 13.    This decision in Dunham relied on our interpretation of federal case law. First, we relied on McCarthy v. United States for the proposition that a plea " 'cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.' " Dunham,

---

[3] We have never required a particular formula for obtaining this recitation. See, e.g., In re Stocks, 2014 VT 27, ¶ 15 ("We do not require a particular formula for determining that there is a factual basis for the plea. An admission to the facts by the defendant in the course of the colloquy is usually sufficient. A recital of the facts by the prosecutor together with a statement by the defendant confirming their accuracy would also satisfy the rule.").

144 Vt. at 449, 479 A.2d at 147 (quoting McCarthy v. United States, 394 U.S. 459, 466 (1969)). We then drew from the voluntariness standard articulated by the Supreme Court in Boykin v. Alabama, which requires courts receiving a guilty plea to canvas the defendant on the record to ensure that the plea was voluntary. 395 U.S. 238, 243-44 (1969). In Dunham's case, the record did not "affirmatively show sufficient facts to satisfy each element of [the] offense"; thus, nothing demonstrated an "understanding by the [petitioner] that the conduct admitted violate[d] the law as explained to him by the court," and we could not find a voluntary plea. Dunham, 144 Vt. at 451, 479 A.2d at 148.

¶ 14. Since Dunham, we have consistently held that the necessary affirmative showing required to accept a plea of guilty must include, at least, some admission by the defendant on the record of the facts that underlie the elements of the crime charged. Immediately following Dunham, we noted in another case that the "record must reveal that the elements of each offense were explained to the defendant and that a factual basis for each element was admitted." In re Kasper, 145 Vt. 117, 120, 483 A.2d 608, 610 (1984) (emphasis added). In Kasper, the trial court merely summarized the charges and "there was never a recitation of the factual allegations" on the record; as a result, we held that the defendant's pleas were not voluntary because we could not say that the defendant understood the nature of the charges in relation to the facts. Id. at 120-21, 483 A.2d at 610-11 (emphasis added). Subsequent cases stuck to this strict requirement that the defendant must, on the record, "admit to and possess an understanding of the facts as they relate to the law for all elements of the charge or charges to which the defendant has pleaded." Yates, 169 Vt. at 24, 726 A.2d at 486; see, e.g., In re Kivela, 145 Vt. 454, 459, 494 A.2d 126, 129 (1985) (denying Rule 11(f) challenge because "the record reveals that the charges, as expressed in the indictment and informations, were read to the petitioner, and that he admitted committing the acts underlying each offense"); In re Fisher, 156 Vt. 448, 463, 594 A.2d 889, 897 (1991) (rejecting petitioner's Rule 11(f) challenge because "the court had before it the PSI, along with the attached

7

investigating officer's affidavit, and had <u>heard petitioner's admissions</u>" to sexual assault charges (emphasis added)).

¶ 15.    Our only deviation from this consistent line of caselaw occurred in <u>State v. Whitney</u>, when the trial court relied on a police officer's affidavit, which was supplied to the defendant, to establish a factual basis.  156 Vt. 301, 303, 591 A.2d 388, 389 (1991), <u>holding modified by</u> <u>Yates</u>, 169 Vt. at 27, 726 A.2d at 488.  We concluded that this was sufficient compliance with Rule 11(f).  <u>Id</u>.

¶ 16.    In <u>Yates</u>, however, we pulled back and clarified that <u>Whitney</u> stood only for the principle that "that an affidavit may be a source of facts to support the plea, but that the defendant must subsequently admit to these facts in the plea colloquy to demonstrate that there is a sufficient factual basis."  169 Vt. at 27, 726 A.2d at 488.  Again, we relied on <u>McCarthy</u> and <u>Boykin</u>, noting that "the accuracy of the factual basis goes to the defendant's understanding of the relationship between the law and the facts, which ultimately goes to voluntariness."  <u>Id</u>. at 26, 726 A.2d at 487.  We explained "the defendant's understanding cannot be probed except through <u>personal interrogation</u>, which then appears in the record of the proceedings."  <u>Id</u>. at 27, 726 A.2d at 488 (emphasis added).

¶ 17.    After <u>Yates</u>, all but two of our cases have followed the same stance originally adopted in <u>Dunham</u>.  We have denied Rule 11(f) challenges where the defendant affirmatively admitted on the record to a factual basis for the elements.  See, e.g., <u>State v. Fucci</u>, 2015 VT 39, ¶¶ 9, 10, 198 Vt. 482, 117 A.3d 419 (rejecting Rule 11(f) argument where defendant agreed on record that facts recited by prosecutor constituted crimes with which he was charged.); <u>In re Hoch</u>, 2013 VT 83, ¶ 14, 194 Vt. 575, 82 A.3d 1167 (concluding trial court followed Rule 11(f) where petitioner admitted, on the record, to facts underlying the charge); <u>State v. Marku</u>, 2004 VT 31, ¶ 24, 176 Vt. 607, 850 A.2d 993 (mem.) (affirming factual basis of guilty plea under Rule 11(f) where defendant admitted to wanting to kill victim and stipulated to prima facie case); <u>State v.</u>

8

Blish, 172 Vt. 265, 275, 776 A.2d 380, 388 (2001) (denying Rule 11(f) claim because record showed "court fully engaged the defendant in an inquiry" and defendant's "affirmations suffice to support the factual basis for the crime"). And we have approved Rule 11(f) challenges when the defendant did not admit to the factual basis on the record; See, e.g., Stocks, 2014 VT 27, ¶ 17 (holding court did not comply with Rule 11(f) where petitioner "confirmed his understanding of the charges" but did not admit to factual basis); In re Manning, 2016 VT 53, ¶¶ 15, 16, __ Vt. __, 147 A.3d 645 (concluding trial court violated Rule 11(f) where neither State nor court stated factual allegations on record and court never asked petitioner if he admitted to factual basis).

¶ 18.    Unfortunately, State v. Morrissette and State v. Cleary inadvertently sowed confusion by importing the phrase "substantial compliance" into our Rule 11(f) jurisprudence. Morrisette, 170 Vt. at 571, 743 A.2d at 1093. For example, in this case, the PCR court cited State v. Morrissette and State v. Cleary for the proposition that "substantial compliance" is sufficient to satisfy Rule 11(f). See Cleary, 2003 VT 9, ¶ 29 (citing Morrissette, 170 Vt. at 571, 743 A.2d at 1092-93). It is true that we held in Morrissette that "[w]hen a collateral attack is brought against the validity of a plea based on alleged violations of [Rule] 11, we require substantial compliance with the requirements of the rule." 70 Vt. at 571, 743 A.2d at 1093. To be clear, however, this "substantial compliance" standard did not apply to Rule 11(f) because the defendant in Morrissette claimed a violation of Rule 11(c) and (d). The case did not involve a Rule 11(f) claim. 170 Vt. at 570-71, 743 A.2d at 1092-93.

¶ 19.    Moreover, we overruled Morrissette in In re Manosh, 2014 VT 95, 197 Vt. 424, 108 A.3d 212. In Manosh, the petitioner signed a waiver-of-rights form that listed the various rights the defendant gave up by pleading guilty. 2014 VT 95, ¶ 2. Rather than questioning the defendant about these rights, the trial court asked the defendant if he understood the form and the defendant answered in the affirmative. Id. ¶ 3. We concluded that the waiver form and the court's limited questions could not replace the court's personal questioning of a defendant in open court.

9

Id. ¶ 23. And once again, we reiterated that Rule 11(f) obliges "the court [to] address the defendant in connection with the accuracy of the plea." Id. ¶ 24. In reaching this decision, we stated, that

> [t]o the extent that we suggested in Morrissette that a waiver-of-rights form signed by a defendant can substitute for the court's personally addressing a defendant in open court for the purposes of Rule 11(c), (d) or (f), or that a defendant's one-word acknowledgment of signing and understanding the waiver form is a sufficient basis for the court's conclusion that the plea is knowing and voluntarily made, we overrule that decision as inconsistent with the requirements of Rule 11 and our more recent case law.

Id. ¶ 23.

¶ 20. Although we did not explicitly refer to the "substantial compliance" standard when we overruled Morrisette, we now make explicit what Manosh made implicit: "substantial compliance" has no place in Rule 11(f) claims. This conclusion jibes with our previous decisions. For example, we first repudiated the "substantial compliance" standard for Rule 11(f) claims in Dunham, our earliest decision analyzing Rule 11(f). 144 Vt. at 451 n *, 479 A.2d at 148 n * ("[W]e will not look to the totality of the plea change hearing for substantial compliance with Rule 11 when there is a collateral challenge for lack of compliance with Rule 11(f)." (emphasis added)). For Rule 11(c) and Rule 11(d) claims, this Court applies the "substantial compliance" standard because post-conviction relief is not available for technical or formal violations of these rules, unless the petitioner proves actual prejudice. See In re Thompson, 166 Vt. 471, 475, 697 A.2d 1111, 1113 (1997). Our reasoning for this prejudice requirement is that we may examine the record, including the court's colloquy, to ensure the totality of the circumstances reveal substantial compliance with Rules 11(c) and 11(d). Id. By contrast, as explained above, from the beginning of our Rule 11(f) jurisprudence, we have held that "collateral attacks for defects under Rule 11(f) require no showing of prejudice" and that, similarly, we do not analyze the totality of the circumstances. Dunham, 144 Vt. at 451, 479 A.2d at 148. Our rejection of the "substantial compliance" standard applies with equal force to State v. Cleary, which relied exclusively on

10

Morrissette to deny the defendant's Rule 11(f) challenge because the trial court "substantially complie[d]" with Rule 11(f). See Cleary, 2003 VT 9, ¶¶ 29-30 (citing Morrissette, 170 Vt. at 571, 743 A.2d at 1092-93). To the extent Cleary relied on Morrissette and the "substantial compliance" standard, we overrule that decision as inconsistent with Dunham and Manosh.

¶ 21. Absent the vague "substantial compliance" standard, we are left with a body of case law that has consistently mandated that an "adequate factual basis" sufficient to demonstrate voluntariness must consist of some recitation on the record of the facts underlying the charge and some admission by the defendant to those facts. See, e.g., In re Miller, 2009 VT 36, ¶ 11, 185 Vt. 550, 975 A.2d 1226 ("The requirement that the record affirmatively show facts to satisfy each element of the offense is . . . absolute."). We do not require that a particular party perform this recitation, Stocks, 2014 VT 27, ¶ 15, nor do we require that a particular source support the factual basis.[4] Yates, 169 Vt. at 27, 726 A.2d at 488. But we do require an inquiry that demonstrates the defendant's admission to the facts "as they relate to the law for all elements of the . . . charges." Id. at 24; 726 A.2d at 486. Though on three separate occasions we have departed slightly from this requirement, we have ultimately returned to this clear standard.

¶ 22. There are good reasons for our continued adherence to this interpretation of Rule 11(f). As we have repeatedly declared, the Rule 11(f) inquiry is tied to the voluntariness of the plea. In re Dunham, 144 Vt. at 449, 479 A.2d at 147. By ensuring, at the least, that the defendant personally admits to facts relating to the elements of the offense, the court exposes the defendant's understanding of the factual basis for each element on the record, which facilitates the court's

---

[4] In this case, for example, the error in the Rule 11(f) inquiry was not that the court relied on the affidavits as a source of the facts to support defendant's plea, but that defendant made a general admission to unspecified facts in multiple affidavits. See supra, ¶ 24. As a result, we cannot say that the petitioner understood the law underlying each charge in relation to the facts. Id.; see also In re Kasper, 145 Vt. at 120, 483 A.2d at 610 ("The record must reveal that the elements of each offense were explained to the defendant and that a factual basis for each element was admitted.").

understanding of the facts and provides subsequent courts with the opportunity to review the record to establish that the defendant's plea was truly voluntary. McCarthy, 394 U.S. at 467. These two goals are undermined "in proportion to the degree [a court] resorts to 'assumptions' not based upon recorded responses to his inquiries."[5] Id.

¶ 23. Similarly, this Rule 11(f) requirement fits with the other components of Rule 11.[6] As we have held, a distinction exists between a defendant's understanding of the charges and the

---

[5] We acknowledge that this obligation under Rule 11(f) may depart from the federal courts' application of the federal rule. Post, ¶ 46. But we do not believe that this necessitates a complete reversal of our prior precedent given the important goals served by our more demanding standard. As the federal courts state, the best method of producing a factual basis for review is to ask the defendant to describe, on the record, the conduct that establishes the factual basis for the plea. See, e.g., United States v. Tunning, 69 F.3d 107, 112 (6th Cir. 1995) (stating that having trial courts ask defendants to describe conduct that they believe constitutes crime is "ideal means" to establish factual basis for guilty plea, but "[t]his 'ideal' method is by no means the only method"). This is in keeping with the Supreme Court's observation that the goals of Rule 11(f) are weakened in direct proportion to the amount a court relies on assumptions rather than a defendant's recorded responses to the court's inquiries. McCarthy, 394 U.S. at 467. Although our requirement under Rule 11(f) does not go as far as this "ideal means" because we do not require a personal narrative from defendant, our interpretation of Rule 11(f)—in comparison to the standard employed by other courts—more rigorously safeguards the reviewing court's ability to assess the defendant's understanding of the factual basis and the voluntariness of the plea. Compare In re Manning, 2016 VT 53, ¶¶ 15, 16 (concluding trial court violated Rule 11(f) where neither State nor court stated factual allegations on record and court never asked petitioner if he admitted to factual basis), with Irizarry v. United States, 508 F.2d 960, 968 (2d Cir. 1974) (criticizing factual basis inquiry that depended solely on defendant's bare admissions because "those admissions, if only barely, sketch out a sufficient factual basis"). See also Jackson v. State, 2012 WY 56, ¶ 13, 273 P.3d 1105, 1110-11 (Wyo. 2012) (disapproving of factual basis inquiry where defendant did not testify, admitted nothing, and provided no statement because reviewing court was "less able to assess his competency and understanding and the record leaves open the possibility of a later successful challenge").

[6] No inconsistency exists between Criminal Procedure Rule 43 and our interpretation of Rule 11(f), despite the dissent's claim that our holding brings Rule 11 into direct conflict with Criminal Procedure 43 and "draws into question the continued viability of plea by waiver." Post, ¶¶ 48-50. We addressed the interplay of Rule 11 and Rule 43 in In re Manosh—when it was properly before the Court. 2014 VT 95, ¶ 11. There, the petitioner agreed to a plea deal and signed a generic waiver form that included the phrase, "I agree that there is a factual basis for my plea of guilty" before appearing in court. Id. ¶ 2. Beyond confirming that the petitioner understood the form, the court did not engage in any of the Rule 11 colloquy requirements. Id. ¶ 3. The petitioner argued that this violated Rule 11, and we agreed.

12

defendant's admission to the factual basis of the plea. Stocks, 2014 VT 27, ¶ 20 ("The structure of the rule reinforces that the factual-basis conversation is distinct from the understanding-the-elements and voluntariness inquiries."). Absent strict application of the Rule 11(f) requirement, there would be no portion of a Rule 11 colloquy to satisfy the court that the guilty plea is factually supported. Merely giving a defendant the information required in Rule 11(c)—the charge he faces, the minimum and maximum penalties, the loss of his trial rights should he plead, etc.—and establishing that the plea was not the result of force or threats or promises as mandated by Rule 11(d), does not mean that there is a factual basis for a court to accept the plea. Rule 11(f) is intended to prevent the entry of false guilty pleas in situations where the defendant does not completely understand the elements of the charge or realize that he or she has a valid defense. If a defendant is aware of the charges against him but does not realize that his conduct does not actually fall within the charge, the Rule 11(f) inquiry by the court should reveal any confusion or misunderstanding and prevent a false guilty plea. See McCarthy, 394 U.S. at 467. Likewise, Rule

---

We rejected the State's argument that by signing the waiver form, the "petitioner effectively waived the protections of the Rule 11 colloquy, even though he did not technically waive his appearance." Id. ¶ 14. Instead, we stated that Rule 43 "carves out a narrow exception" and does not allow a court to "accept a defendant's written waiver of the rights protected by Rule 11" when the defendant does not waive his presence in court and the court makes no findings regarding the hardship of appearing in court. Id. ¶ 15. We noted that, in comparison to the rules in other states, Rule 43 does not explicitly provide an exception to the waiver of the colloquy under Rule 11, but only allows a defendant to waive his or her personal presence under limited circumstances for some misdemeanor charges. Id. ¶ 16. As a result, we determined that "Rule 43(c)(2) only authorizes a court to accept a plea without personally addressing a defendant in open court pursuant to Rule 11 when a case meets the Rule 43 requirements—including the requirement that defendant waive presence in court." Id. To conclude otherwise would have dramatically narrowed the reach of Rule 11 and allowed courts, in every misdemeanor case involving a guilty plea, to "dispense with personally addressing the defendant" to satisfy Rule 11's requirements, including acknowledging a factual basis for the plea. Id. ¶ 17.

In short, Manosh harmonized Rule 11 with Rule 43 by making clear that, because "Rule 11 does not exempt all misdemeanor cases from the requirement that the court address the defendant personally in court," the Rule 11 requirements may only be dispensed with in the narrowly proscribed circumstances outlined in Rule 43. Id.

11(g) requires that a record be made of proceedings where a guilty plea is entered and that "the record shall include, without limitation, the court's . . . <u>inquiry</u> into the accuracy of a guilty plea." V.R.Cr.P. 11(g). Rather than render this portion of Rule 11(g) superfluous, we continue to adhere to our precedent and require the record to show just that factual inquiry. <u>Stocks</u>, 2014 VT 27, ¶ 20 ("If a defendant's understanding of the facts and law underlying the charges to which the defendant pleads were tantamount to a factual basis for the charges, Rule 11(f) and the part of Rule 11(g) requiring a record of the court's inquiry into the 'accuracy of a guilty plea' would be superfluous.").

¶ 24.    In this case, the record is devoid of such a factual inquiry. Petitioner made a generic admission to unspecified facts in multiple affidavits covering sixteen burglary counts. As in <u>In re Kaspar</u>, the sentencing court in this case merely summarized the factual basis by indicating the location and date of each burglary and by naming the victim at each location. 145 Vt. at 120, 483 A.2d at 610. On this record, we cannot say that the petitioner understood the law underlying each charge in relation to the facts. For example, petitioner did not admit to circumstantial or direct evidence evincing his specific intent to commit each burglary. See <u>State v. Langdell</u>, 2009 VT 125, ¶ 9, 187 Vt. 576, 989 A.2d 556 (mem.) (stating that one of burglary's essential elements "is the existence of a specific intent" and that "[t]o support a conviction where specific intent is an element of the offense, we have held that there must be some testimony in the case evidencing criminal intent and that such 'testimony must be sufficient to justify a jury finding of guilt beyond a reasonable doubt' "). Absent such an admission, the record does not demonstrate petitioner understood the facts supporting a critical element of each charge. See <u>Dunham</u>, 144 Vt. at 450, 479 A.2d at 148 (reversing because record did not contain "statements of facts concerning willfulness by the defendant or anyone else"). Although that evidence may be contained in the affidavits, that is not sufficient: the record must demonstrate that petitioner understood the facts

"as they relate to the law for all elements of the . . . charges to which [petitioner] pleaded." <u>Yates</u>, 169 Vt. at 24; 726 A.2d at 486.

 <u>Reversed and remanded for entry of judgment allowing petitioner to withdraw his plea in Docket No. 1067-7-09 Rdcr</u>.

_____<br>
Associate Justice

 ¶ 25. **DOOLEY, J., concurring.** I join Justices Skoglund and Robinson in their opinion for the Court.  I write separately to emphasize the most important consequence of the decision and to answer, for myself, why we should deviate from federal and state decisions under federal and state criminal procedure rules with identical or very similar language.

 ¶ 26. There is no criminal procedural rule more important than Rule 11.  Over ninety-five percent of all criminal cases that reach court judgment are resolved by a plea of guilty, usually as a result of some kind of plea bargain.  See, e.g., Vt. Judiciary, Annual Statistical Report for FY16, 31, https://www.vermontjudiciary.org/sites/default/files/documents/FY16%20Statistical%20Report%20-%20FINAL%20020617_1.pdf [https://perma.cc/5BZW-68ND].  Thousands of criminal cases are resolved in this way every year.  <u>Id</u>.  In all these cases, the trial judge must take a guilty plea under procedures that comply with Rule 11.  Unlike the vast majority of procedural errors, a deviation from the requirements of Rule 11 can be the subject of a collateral attack on the adjudication of guilt, often a collateral attack that is commenced long after the defendant has pleaded guilty.  See <u>In re Hemingway</u>, 168 Vt. 569, 570, 716 A.2d 806, 808 (1998) (mem.) (stating that fundamental error in court's acceptance of plea of guilty or nolo contendere may be challenged in collateral post-conviction relief proceeding).

 ¶ 27. Under these circumstances, it is critical that the requirements of Rule 11 be crystal clear and predictable so they can be implemented without error.  It is equally critical, however,

15

that pleas of guilty be voluntary, with full knowledge and understanding of a defendant's rights and the consequences of the plea and without improper influences and considerations. It is common in the law that we face conflicting policies and must find a way to balance them. I can think of no balance we must achieve that is more important than the one we face in Rule 11 cases and no balance where it is more important that we get it right.

¶ 28. Although we have decided many Rule 11 cases, I think we have failed to achieve clear requirements that can be implemented correctly in thousands of cases. This case is a demonstration of our failing. The criminal division judge who took the guilty plea determined that the plea had a factual basis using methods that we have endorsed in some of our decisions. See State v. Cleary, 2003 VT 9, ¶¶ 15, 29, 175 Vt. 142, 824 A.2d 509 (holding that defendant's stipulation to factual basis for plea "substantially complied" with Rule 11(f)); State v. Whitney, 156 Vt. 301, 303, 591 A.2d 388, 389 (1991) (holding that Rule 11(f) was satisfied where judge examined affidavit of arresting officer). Without explicitly overruling these decisions, more recent opinions have required methods of determining the factual basis for a plea that are more rigorous than allowed in the earlier decisions. See In re Stocks, 2014 VT 27, ¶ 15, 196 Vt. 160, 94 A.3d 1143 (requiring "evidence of a specific inquiry by the judge into the factual basis for the plea"); State v. Yates, 169 Vt. 20, 27, 726 A.2d 483, 488 (1999) (explaining that affidavit may be source of facts to support plea, but defendant must subsequently admit to facts in plea colloquy to satisfy Rule 11(f)).

¶ 29. Thus, both the majority opinion and the dissenting opinion rely on precedents that support 100 percent the holding of each, but have never been reconciled. Allowing conflicting decisions to exist without acknowledgement and reconciliation, or the overruling of one or more decisions, is a bad practice that is inconsistent with our responsibility to be stewards of Vermont law. It is an extraordinarily bad practice where thousands of trial court actions every year must be based on the right answer and, if wrongly done, are subject to collateral attack.

¶ 30.   The most important consequence of today's decision is that it finally faces up to the conflicts in our decisions and reconciles them by explicitly overruling those that are not consistent with our clearly stated holding.  See ante, ¶¶ 20-21.  I think clarity and predictability are the more important values at this point in the development of the law.  I hope the Court will be as decisive in future opinions that address other Rule 11 requirements where reconciliation of conflicting decisions has not occurred.

¶ 31.   Having said the above, I fully recognize that we have interpreted the factual basis requirement of Rule 11 in a way that is more rigorous than the interpretations of the same language by the federal and state courts.  The dissent is clearly right on this point and is also right that we never acknowledged that we were deviating from the holdings of other courts, particularly the federal courts interpreting F.R.Cr.P. 11 on which our rule is based.  See post, ¶¶ 41-42.

¶ 32.   Despite this deviation, I join the majority's holding.  My reason is based on what I believe is the proper operation of the criminal justice system.  No defendant should plead guilty to a crime for which the defendant cannot acknowledge that he or she committed the elements of the crime or believes that he or she has a valid affirmative defense.  As the New Jersey Supreme Court has stated:

> Our court rules and case law require a factual basis for a plea of guilty, that is, a truthful account of what actually occurred to justify the acceptance of a plea. That approach in the long-run is the best means of ensuring that innocent people are not punished for crimes they did not commit. It is an approach that is essential to the very integrity of our criminal justice system.

State v. Taccetta, 975 A.2d 928, 936-37 (N.J. 2009); see also State v. Urbina, 115 A.3d 261, 272 (N.J. 2015) ("The court must be satisfied from the lips of the defendant that he committed every element of the crime charged." (citations and quotations omitted)).  In my judgment, it is too easy

17

in a system based heavily on plea bargaining for a defendant to be convicted of a crime the defendant did not commit and believes he or she did not commit.[7]

¶ 33. Moreover, our sentencing system, particularly for serious crimes involving illegal sexual conduct or domestic violence, is now based heavily on defendant's acknowledgement of committing the crime as a prerequisite to probation or treatment. See State v. Katon, 168 Vt. 274, 278-79, 719 A.2d 430, 433 (1998) (noting that "the failure to require a specific admission of guilt when taking a plea, may, in many cases, spawn charges of violation of probation based on a defendant's refusal to specifically admit his criminal behavior as part of his required participation in educational or rehabilitative programs"); State v. Gleason, 154 Vt. 205, 216-17, 576 A.2d 1246, 1252-53 (1990) (affirming revocation of probation for failure to satisfactorily participate in sex offender treatment program where defendant, who had pleaded nolo contendere to lewdness charge, refused to admit underlying conduct in therapy sessions). Thus, a defendant who is unable or refuses to acknowledge that he or she committed the crime, even after a guilty plea, will face the most severe sentence for that crime. It is one thing to impose this consequence on a defendant who goes to trial and does not prevail. It is another to impose this consequence on a defendant who pleads guilty in the hope and expectation that it will lead to a more lenient sentence.

_____

Associate Justice

---

[7] I recognize that the U.S. Constitution does not prohibit a court from accepting a guilty plea from an individual who maintains his innocence so long as there is an adequate factual basis elsewhere in the record. North Carolina v. Alford, 400 U.S. 25, 37-38 (1970). This practice appears to be relatively rare in Vermont courts and is not at issue here. I note, however, that an Alford plea would likely be inconsistent with our holding in this decision, which requires a defendant to admit to the facts underlying each element of the charge prior to pleading guilty. Ante, ¶ 21. Some states have prohibited Alford pleas for this reason. See Urbina, 115 A.3d at 272; Ross v. State, 456 N.E.2d 420, 423 (Ind. 1983); see also Alford, 400 U.S. at 38 n.11 ("[T]he States may bar their courts from accepting guilty pleas from any defendants who assert their innocence.").

18

¶ 34.    **EATON, J., dissenting.**   For many reasons, I dissent.   The majority holds that for a plea to be voluntary, Vermont Rule of Criminal Procedure 11(f) requires "some recitation on the record of the facts underlying the charge and some admission by the defendant to those facts."  Ante, ¶ 21.[8]   The majority does not address the history of Rule 11(f), its plain language, or the unvaried federal case law decided under the identical rule, none of which supports the unduly rigid interpretation of Rule 11(f) that the majority adopts.   The majority also assumes the answer to a threshold, but unaddressed, question of whether its holding should be applied retroactively to a Rule 11 colloquy conducted ten years ago.   If the majority's position is announcing a new rule, which is at least debatable, it should be given prospective application only.[9]   In any event, the majority's position creates a "magic words" test for reasons that are unclear.

¶ 35.    The record shows that nearly a decade ago, petitioner confessed, in detail, to committing the charged crimes; he affirmed in court that those confessions, along with other evidence, provided a factual basis for his guilty pleas.   He signed a written waiver to this effect.   He

---

[8]   The majority does not address the U.S. Supreme Court holding in North Carolina v. Alford that [a] guilty plea may be voluntary even in the face of a defendant's refusal to admit the underlying facts.   See North Carolina v. Alford, 400 U.S. 25, 37 (1970) ("An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").   Although decided on constitutional grounds and not under Rule 11(f), Alford instructs that a guilty plea may be voluntary even in the face of a refusal to admit to the underlying facts.

[9]   See Teague v. Lane, 489 U.S. 288 (1989) (holding, in context of collateral challenges to criminal convictions, that "new constitutional rules of criminal procedure [announced in case law] will not be applicable to those cases which have become final before the new rules are announced," and identifying policy reasons supporting rule); State v. White, 2007 VT 113, ¶ 11, 182 Vt. 510, 944 A.2d 203 (addressing retroactivity of Court's decision in collateral attack on criminal conviction and finding Vermont's test in harmony with federal test announced in Teague).   As we stated in White, "[t]o ensure some finality in criminal cases, we typically apply such new [constitutional] rules retroactively only to cases on direct review, rather than allow endless collateral attacks on convictions or sentences as new rules emerge, despite courts' compliance with the constitutional standards of the day."   Id. ¶ 9 (emphasis added).   Absent justification for a contrary conclusion, we should follow that rule here.

19

expressed remorse for his crimes.  The court dismissed seventeen additional charges against petitioner based on his guilty pleas.  Yet according to the majority, his pleas must now be vacated, not because the court failed to provide petitioner the advice required by Rule 11(c) or ensure that the plea was voluntary under Rule 11(d), but because the <u>trial court</u> could not satisfy itself on this record that a "factual basis" existed for petitioner's guilty pleas.  The majority's interpretation of Rule 11(f) is inconsistent with the law and it leads to untenable results.

¶ 36.    Vermont's Rule 11 is based on and substantially identical to Federal Rule of Criminal Procedure 11.  See Reporter's Notes, V.R.Cr.P. 11 (stating that Vermont rule is based on federal rule).  Thus, "[d]ecisions of the federal courts interpreting the Federal Rules . . . are an authoritative source for the interpretation" of our rule.  Reporter's Notes, V.R.Cr.P. 1.  "[A]lthough the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the [trial] judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary," and "to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination.  <u>McCarthy v. United States</u>, 394 U.S. 459, 465-66 (1969) (explaining that defendants who enter guilty pleas waive important constitutional rights, and to be valid, these waivers "must be an intentional relinquishment or abandonment of a known right or privilege" (quotation omitted)).  The rule accomplishes these goals through various means, several of which explicitly require the trial judge to personally advise a defendant "in open court" of certain information such as the nature of the charges, the minimum and maximum penalties, and the rights that a defendant will forfeit through a guilty plea.  See V.R.Cr.P. 11(c)(1)-(8).  The court must also, "by addressing the defendant personally in open court, determin[e] that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement."  V.R.Cr.P. 11(d).

¶ 37.    Rule 11(f), by contrast, does not explicitly require the court to address a defendant "personally in open court" for the judge to determine that there is a factual basis for the plea.  Instead, the rule provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter

a <u>judgment</u> upon such plea without making such inquiry as shall satisfy <u>it</u> that there is a factual basis for the plea." <u>Id</u>. In other words, the rule imposes "a duty on <u>the court</u> in cases where the defendant pleads guilty to satisfy <u>itself</u> that there is a factual basis for the plea before entering judgment." Advisory Committee Notes—1966 Amendment, F.R.Cr.P. 11 (emphasis added); see also <u>State v. Schulz</u>, 409 N.W.2d 655, 658 (S.D. 1987) (rule requires that "[b]efore accepting a guilty plea, a court must be <u>subjectively satisfied</u> that a factual basis exists for the plea" (emphasis added)).

¶ 38. This makes sense because a <u>defendant</u> admits that he committed the charged conduct by pleading guilty. The Supreme Court has made clear that

> [o]rdinarily, a judgment of conviction resting on a plea of guilty is justified by the defendant's admission that he committed the crime charged against him and his consent that judgment be entered without a trial of any kind. The plea usually subsumes both elements, and justifiably so, <u>even though there is no separate, express admission by the defendant that he committed the particular acts claimed to constitute the crime charged in the indictment.</u>

<u>Alford</u>, 400 U.S at 32 (emphasis added) (recognizing that "an express admission of guilt . . . is not a constitutional requisite to the imposition of criminal penalty"); see also <u>United States v. Broce</u>, 488 U.S. 563, 570 (1989) (recognizing that a guilty plea is both "a confession which admits that the accused did various acts," as well as an "admission that he committed the crime charged against him" (quotation omitted)); <u>McCarthy</u>, 394 U.S. at 466 ("[A] guilty plea is an admission of all the elements of a formal criminal charge . . . ."); see also <u>State v. Katon</u>, 168 Vt. 274, 278, 719 A.2d 430, 433 (1998) (recognizing that "[d]efendant, through his plea of nolo contendere, made 'a formal admission of all elements of the charge' " (quoting 2 W. LaFave & J. Israel, Criminal Procedure § 20.4(c), at 642 (1984))). As the U.S. Supreme Court explained,

> [b]y entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. That is why the defendant must be instructed in open court on "the nature of the charge to which the plea is offered," F.R.Cr.P. 11(c)(1), and why the plea "cannot be truly voluntary unless the defendant possesses an understanding of

21

the law in relation to the facts," McCarthy v. United States, 394 U.S. 459, 466 (1969).

Broce, 488 U.S. at 570. In accepting a plea, the trial court can ascertain the existence of a factual basis in a variety of ways. As the Advisory Committee explained:

> The court should satisfy itself, by inquiry of the defendant or the attorney for the government, or by examining the presentence report, or otherwise, that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty. Such inquiry should, e.g., protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge. . . . The normal consequence of a determination that there is not a factual basis for the plea would be for the court to set aside the plea and enter a plea of not guilty.

Advisory Committee Notes—1966 Amendment, F.R.Cr.P. 11 (emphasis added); see also Reporter's Notes—1977 Amendment, V.R.Cr.P. 11 (citing 1966 Federal Advisory Committee's Note, and recognizing that there are multiple sources of information in ascertaining factual basis, and further noting that Rule 11(f) "leaves to the judge the standard of probability of guilt to be applied, as well as the nature and depth of the inquiry"). Thus, from the time that the factual-basis language was added to the federal rule in 1966, and from the time that Vermont's rule was promulgated by this Court in 1973, it has been established that the trial court can look to a variety of sources in determining if there is a factual basis for a guilty plea, including, but not limited to, information provided by the defendant.[10]

¶ 39. Countless treatises reiterate this point. As stated succinctly by Wright & Miller:

> The factual basis for the plea must be developed on the record, and courts can look to a variety of sources when deciding whether a

---

[10] In 2002, the language of federal Rule 11 was "amended and reorganized as part of the general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules." See Advisory Committee Notes—2002 Amendment, F.R.Cr.P. 11. What had been Rule 11(f) became Rule 11(b)(3), which now provides: "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." As the Advisory Committee Notes make clear, this change was "intended to be stylistic only." Advisory Committee Notes—2002 Amendment, F.R.Cr.P. 11.

22

factual basis exists. "An inquiry might be made of the defendant, of the attorneys for the government and the defense, of the presentence report when one is available, or by whatever means is appropriate in a specific case." . . .

Neither Rule 11 nor the case law requires an on-the-record colloquy before the judge makes the factual basis determination. A court may instead rely on its examination of relevant materials in the record.

C. Wright, et al., 1A Fed. Prac. & Proc. Crim. § 179 (4th ed.) (quoting Advisory Committee Notes—1974 Amendment, F.R.Cr.P. 11); see also 24 J. Moore, et al., Moore's Federal Practice § 611.08[2][a], at 611-76-611-77 (3d ed. 2013) (recognizing that "[t]here are a number of sources from which the court may determine that the requisite 'factual basis' exists," including inquiring of defendant, but trial court's failure "to inquire personally of the defendant is not, of itself, grounds for reversal if the factual basis is otherwise established"); 5 W. LaFave, et al., Crim. Procedure § 21.4(f) (4th ed.) (explaining that "factual basis" provisions generally "leave the judge free to decide in the particular case how this determination . . . can best be made," whether through "inquiry of the defendant . . . , inquiry of the prosecutor or defense counsel, examination of the plea agreement, presentence report, complaint, indictment, or preliminary hearing transcript, grand jury transcript, testimony by police or a complaining witness, or a combination of those methods; or indeed, 'anything appearing on the record' " (footnotes and quotation omitted)); ABA Standards for Criminal Justice: Pleas of Guilty 14-1.6, Commentary (3d ed. 1999) (revising standard concerning factual basis to eliminate suggestion that court should "generally" require defendant to make detailed statement concerning commission of offense, finding such language "unduly restrictive and inconsistent with actual practice," and recognizing that "[o]ther appropriate procedures for establishing a factual basis for the plea include having the prosecutor make a proffer of what the state is prepared to prove, accepting the parties' stipulation on a set of facts, and, in rare cases, calling witnesses to testify concerning the defendant's conduct"); Irizarry v. United States, 508 F.2d 960, 967 (2d Cir. 1974) (finding it "undeniably true" that trial court, in

23

determining factual basis for plea, may rely on any facts at its disposal, explaining that rule itself does not require court to personally address defendant on this point and that Advisory Committee Note makes clear that this was intentional, but noting that "[a]ny additional facts on which the court relies . . . must be put into the record at the time of the plea"); Schulz, 409 N.W.2d at 658 (recognizing under analogous state rule that "Rule 11(f), as opposed to Rule 11 generally, does not require a colloquy between judge and defendant; the court may find the factual basis in anything that appears on the record," and "[i]t is not necessary that a defendant state the factual basis in his own words"). Even if a description by the defendant of the pertinent facts arguably may be "the best means of eliciting a factual basis for the plea," it is not the only means. 24 J. Moore, et al., Moore's Federal Practice, § 611.08[2][C], at 611-76-611-77 (3d ed. 2013); compare United States v. Tunning, 69 F.3d 107, 112 (6th Cir. 1995) (stating that having trial courts ask defendants to describe conduct that they believe constitutes crime is "ideal means" to establish factual basis for guilty plea, but "[t]his 'ideal' method is by no means the only method"); with ABA Standards for Criminal Justice: Pleas of Guilty 14-1.6 (recognizing that asking defendant to speak and explain facts to support plea may create problems, particularly in federal system, where defendant "may volunteer or be asked for facts that are unnecessary to support the conviction and that may be damaging to the defendant in connection with sentencing").

¶ 40.    As indicated above, the Reporter's Notes to our rule explicitly recognize that a court may look to a variety of sources in determining the existence of a factual basis, and "[p]ossible sources of information are the defendant himself, the prosecutor, or the presentence report." Reporter's Notes, V.R.Cr.P. 11 (citing ABA Minimum Standards § 1.6, Commentary). This makes sense, of course, because our rule is entirely based on the federal rule. Indeed, even in the cases that the majority relies upon, we have explicitly recognized that the trial court "may obtain facts from other sources, including the prosecutor and the presentence report." State v. Yates, 169 Vt. 20, 24, 726 A.2d 483, 487 (1999); see also In re Stocks, 2014 VT 27, ¶ 15, 196 Vt. 160, 94 A.3d 1143

24

(stating that "[w]e do not require a particular formula for determining that there is a factual basis for the plea," and acknowledging that "[a] recital of the facts by the prosecutor together with a statement by the defendant confirming their accuracy" would satisfy rule). Rule 11 has been amended numerous times, but Rule 11(f) has never been modified to require, as in other sections of the rule, that the trial court must "address the defendant personally in open court" before determining that a factual basis exists. We should return to the clear standard followed by the federal courts, which serves the purpose of the rule.

¶ 41. To the extent that we have departed from this standard, we have articulated no basis for doing so. Our cases rely solely on federal case law, which does not support this departure. See, e.g., Yates, 169 Vt. at 24-25, 726 A.2d at 487 (recognizing that trial court "may obtain facts from other sources, including the prosecutor and the presentence report," but concluding that Rule 11(f) "must be met through personal address of the defendant," and finding this interpretation supported by U.S. Supreme Court's "interpretation of the federal counterpart to Rule 11"); Stocks, 2014 VT 27, ¶ 20 (citing Yates, 169 Vt. at 25, 726 A.2d at 487, for proposition that "a court must inquire into the accuracy of the charge to which a defendant pleads by personally addressing the defendant"); In re Manning, 2016 VT 53, ¶ 16, __ Vt. __, 147 A.3d 645 (citing Yates, 169 Vt. at 24, 726 A.2d at 486, and finding error in court's failure to "elicit any facts from the defendant to establish a factual basis"); cf. In re Dunham, 144 Vt. 444, 451, 479 A.2d 144, 148 (1984) (stating that because "defendant's understanding of the elements of an offense as applied to the facts goes directly to the voluntariness of his plea, the record must affirmatively show sufficient facts to satisfy each element of an offense" (emphasis added)); In re Kasper, 145 Vt. 117, 120, 483 A.2d 608, 610 (1984) (recognizing that language quoted above from Dunham is based largely upon U.S. Supreme Court's

interpretation of federal rule, and stating that record must reveal that elements of each offense were explained to defendant and that factual basis for each element was admitted).[11]

¶ 42. The majority offers no rationale for why we should depart from the practice under the identical federal rule. It does not address the history and intent of the rule, reflected in our Reporter's Notes. It does not acknowledge that the rule expressly omits a personal-colloquy requirement. It ignores the fact that our rule is based on the federal rule and that federal case law is "an authoritative source" for the interpretation of our rule. V.R.C.P. 1. It does not address the unvaried holdings from federal courts, or the unequivocal statement in countless treatises that "[n]either Rule 11 nor the case law requires an on-the-record colloquy before the judge makes the factual basis determination," and that "[a] court may instead rely on its examination of relevant materials in the record." C. Wright, et al., 1A Fed. Prac. & Proc. Crim. § 179 (4th ed.) (quoting Advisory Committee Note—1974 Amendment, F.R.Cr.P. 11); see also 24 J. Moore, et al., Moore's

---

[11] We have previously recognized that the trial court can consult various sources in ascertaining a factual basis. Thus, in State v. Whitney, 156 Vt. 301, 302, 591 A.2d 388, 389 (1991), we recognized that "[w]hile it is the better practice for the court, when considering whether to accept a guilty plea, to explain to the defendant the elements of the offense and the factual allegations[,] . . . this is not a per se rule." Quoting McCarthy, 394 U.S. at 467 n.20, we explained that the Rule 11 inquiry "must necessarily vary from case to case," and that the U.S. Supreme Court did "not establish any general guidelines other than those expressed in the Rule itself." Whitney, 156 Vt. at 302, 591 A.2d at 389.

In Whitney, we concluded that the trial court had properly "satisfied itself that there was a factual basis for the plea by examining the affidavit of the arresting officer," which had been supplied to the defendant. Id. at 303, 591 A.2d at 389. In Yates, however, this Court "clarif[ied] that Whitney stands only for the proposition that an affidavit may be a source of facts to support the plea, but that the defendant must subsequently admit to these facts in the plea colloquy to demonstrate that there is a sufficient factual basis." 169 Vt. at 27, 726 A.2d at 488. As support, we cited McCarthy and V.R.Cr.P. 11(g), which requires "[a] verbatim record of the proceedings, . . . [including] the inquiry into the accuracy of a guilty plea." Rule 11(g), like the remainder of V.R.Cr.P. 11, is based on the federal rule. See Reporter's Notes, V.R.Cr.P. 11. Federal courts and the treatises cited above do not construe Rule 11(g) as imposing a requirement that Rule 11(f) can be met only through a personal colloquy with the defendant. Cf. ante, ¶ 23 (concluding that Rule 11(g) would be rendered superfluous if personal colloquy with defendant was not required under Rule 11(f)).

26

Federal Practice, § 611.08[2][a], at 611-76-611-77. This statement, of course, reflects the expressed intent of the Advisory Committee that drafted the rule. Other than a desire to adhere with a limpet grip to some of our case law, which is by no means consistent, the majority identifies no reason why we should not follow clear federal precedent concerning Rule 11(f).

¶ 43.    The majority relies heavily on the Supreme Court's statement in McCarthy, reiterated in Dunham and other Vermont cases, that a plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." 394 U.S. at 466. This language refers to a judge's inquiry into "the defendant's understanding of the nature of the charge and the consequence of his plea" under a much different version of Rule 11, requirements now embodied in Rule 11(c) and (d); it is not a discussion of the factual basis requirement of Rule 11(f). See id. at 467;[12] see also W. LaFave, 5 Crim. Procedure § 21.4(c) (4th ed.) (stating that Rule 11(c), which

---

[12]  At the time McCarthy was decided, Rule 11 provided:

> A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plea or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

Quoted in McCarthy, 394 U.S. at 462 n.4. Prior to its amendment in 1966, Rule 11 provided:

> A defendant may plead not guilty, guilty or, with the consent of the court, nolo contedere. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.

Quoted in E. Brand, "Revised Federal Rule 11: Tighter Guidelines for Pleas in Criminal Cases," 44 Fordham L. Rev. 1010, 1010 n.6 (1976).

identifies the specific advice that trial court must provide to defendant personally in open court, "ensures that the defendant 'thoroughly understands that if he pleads 'not guilty' the State will be required to prove certain facts,' thus permitting the defendant to make an intelligent judgment as to whether he would be better off accepting the tendered concessions or chancing acquittal if the prosecution cannot prove those facts beyond a reasonable doubt," and this "would seem to be what the Supreme Court meant when it said in McCarthy that a guilty plea cannot be voluntary 'unless the defendant possesses an understanding of the law in relation to the facts" (citation and footnotes omitted)). As reflected above, no other court has construed McCarthy to hold that a personal colloquy with a defendant is the only way to satisfy Rule 11(f) and ensure a voluntary plea.[13]

¶ 44. In my view, the majority has misconstrued Dunham, "our first case examining Rule 11(f)." Ante, ¶ 12. In Dunham, we held, consistent with the text of the rule, that "[t]here must be an adequate factual basis for all elements of the charge developed on the record." 144 Vt. at 450, 479 A.2d at 148 (also stating "that the record must affirmatively show sufficient facts to satisfy each element of an offense"). We cited federal case law in support of this assertion. See id. Indeed, we recognized in that case—again, consistent with the rule and the notes accompanying the rule—that evidence to establish a factual basis could come from someone other than defendant. See id. (indicating that Court could not infer factual basis for required mental element from "silent record," and noting "absence of any statements of facts concerning willfulness by the defendant or anyone else" (emphasis added)).

¶ 45. The requirements of Dunham were met in this case through petitioner's acknowledgement that the affidavits, which were replete with admissions made by petitioner, provided an adequate factual basis. No one contends that under federal case law the procedure followed did not comply with Rule 11(f). No one contends that the affidavits were in some way

---

[13] This would seem to conflict with the Supreme Court's holding in Alford.

28

inadequate to establish the facts necessary for conviction, only that petitioner was not called upon to admit to the specific facts within the affidavits that supported the charges. The majority instead requires petitioner to admit that his own admissions were true.

¶ 46. Our Rule 11(f) cases since <u>Dunham</u> have been inconsistent and their inconsistency has led to confusion. What is clear, however, is that to the extent that our cases have required a personal colloquy with a defendant to establish a factual basis, they purport to rely, incorrectly, on federal case law for this requirement. The interpretation of the requirements under the federal rule have not changed over time—they continue to be consistent with the intent of the drafters as expressly stated in the Advisory Committee Notes. It was our case law that departed from the clear federal standard—notwithstanding the fact that the rules are substantively identical—without acknowledging any rationale for doing so. Cf. <u>ante</u> ¶ 21 n.5 (reasoning that requirement of personal colloquy under Rule 11(f) "may depart from the federal courts' application of the federal rule," but "we do not believe that this necessitates a complete reversal of our prior precedent").

¶ 47. When we depart from an established rule, there should be a rationale for the departure and consistency in practice. Both are missing here. Obviously, the federal rule, like our rule, is designed to prevent the entry of guilty pleas when the conduct at issue does not constitute the crime charged, and the rule as designed offers the necessary protection to serve this goal. The concerns raised by the majority are both contemplated and satisfied by the federal approach.[14] Eliminating the inconsistencies in our decisions by returning to the clear practice under the federal rule would bring clarity and foreseeability to an area where it is sorely needed.

---

[14] The majority also asserts that "[a]bsent a strict application of the Rule 11(f) requirement, there would be no portion of a Rule 11 colloquy to satisfy the court that the guilty plea is factually supported." <u>Ante</u>, ¶ 23. Why would this be so? The court must develop a factual basis on the record and it can do so through a variety of sources. It is not clear why a "strict application" of Rule 11(f) would impose a personal-colloquy requirement in any event given that that requirement is not in the text of the rule itself.

¶ 48.    The majority's position that Rule 11(f) can only be satisfied by a direct colloquy with the defendant also brings Rule 11 into direct conflict with V.R.Cr.P. 43(c), which allows for a guilty plea by waiver without any colloquy whatsoever with the defendant.  Thousands of convictions have been entered pursuant to this rule.  Rule 11(c) and (d) expressly provide that no personal colloquy is required in plea-by-waiver cases under Rule 43.  See also Reporter's Notes, V.R.Cr.P. 11 (stating that requirement found in Rule 11(c) and (d) that court address defendant personally "is, of course, waived if the defendant waives appearance under Rule 43(c)(2)").  If a direct colloquy with the defendant is so critical, what rationale justifies its exclusion in the plea by waiver cases?  That Rule 43(c) provides for guilty pleas by waiver in certain circumstances does not justify the departure from the majority's position that V.R.Cr.P. 11(f) requires a personal colloquy with the defendant.

¶ 49.    Convictions in cases where defendant enters a guilty plea by waiver are not children of a lesser god; they carry with them the same consequences and the same potential punishments as convictions for like offenses rendered in open court.  If personal inquiry of the defendant regarding the factual basis is required, as the majority asserts, the majority provides no sound basis why the requirement should be disposed of when a defendant waives appearance under V.R.Cr.P. 43(c).  The majority's citation of In re Manosh, 2014 VT 95, 197 Vt. 424, 108 A.3d 212, does nothing to resolve this issue.  There, we held that if a defendant does not waive his appearance under Rule 43, the trial court must conduct the necessary Rule 11 colloquy on the record.  Manosh says nothing about how a defendant who waives his or her appearance under Rule 43 can comply with the Rule 11(f) on-the-record requirement imposed by the majority here.

¶ 50.    Unlike Rule 11(c) and (d), Rule 11(f) does not provide any exception "as authorized by Rule 43," nor do the Reporter's Notes discuss a waiver of any "personal colloquy" requirement with respect to the court's determination of a factual basis.  That is because, as the plain language of the rule and the Reporter's Notes reflect, Rule 11(f) does not require the court to engage in a personal colloquy with the defendant to satisfy itself that a factual basis exists.  Thus, the majority's holding

that Rule 11(f) <u>requires</u> the court to elicit from a defendant information to support the finding of a factual basis creates an inconsistency between Rule 11 and Rule 43, and draws into question the continued viability of plea by waiver.[15] Allowing a trial court to determine the existence of a factual basis from sources other than the defendant, by contrast, creates a procedure in harmony with V.R.Cr.P. 43.

¶ 51. I agree with the majority that confusion exists concerning "substantial compliance" in the context of Rule 11(f) and that the concept of "substantial compliance" makes little sense in the context of Rule 11(f). There is either a factual basis for a defendant's guilty plea, from whatever sources, or there is not.[16] We have held so in our prior cases. See, e.g., <u>In re Miller</u>, 2009 VT 36,

---

[15] Indeed, Rule 11(c) and (d) were expressly amended in 2013:

> to clarify that in misdemeanor cases, consistent with the provisions of Rule 43, the court may accept a plea of guilty or nolo contendere and find that such a plea is knowing and voluntary, without a colloquy in open court, upon submission of a plea by a defendant given in writing, upon a written waiver form which acknowledges understanding and voluntary waiver of all advisements and rights that are the subject of colloquy prescribed by Rules 11(c) and (d) . . . . Pleas by waiver pursuant to plea agreement in certain misdemeanor cases have long been accepted in misdemeanor cases, and the amendment serves to clarify the practice. In each case, the judge must also find in writing that the plea is knowing and voluntary and with adequate factual basis.

Reporter's Notes—2013 Amendment, V.R.Cr.P. 11.

[16] V.R.Cr.P. 11(f) does not require the establishment of a factual basis for a plea of nolo contendere. See generally C. Wright, et al., 1A Fed. Prac. & Proc. Crim. § 179 (4th ed.) (stating that "factual basis" requirement is only provision that applies to pleas of guilty but not to pleas of nolo contendere, and "[t]his is because a plea of nolo contendere may be accepted from a defendant who is wholly innocent but who does not wish to contest the charge"). "Implicit in the nolo contendere cases is a recognition that the Constitution does not bar imposition of a prison sentence upon an accused who is unwilling expressly to admit his guilt but who, faced with grim alternatives, is willing to waive his trial and accept the sentence." <u>Alford</u>, 400 U.S. at 36. The majority does not address why its standard for establishing a factual basis through a colloquy with the defendant as part of ensuring voluntariness is required for guilty pleas but is not required for nolo pleas, where the end result of each is a conviction.

31

¶ 11, 185 Vt. 550, 975 A.2d 1226 ("The requirement that the record affirmatively show facts to satisfy each element of the offense is . . . absolute."); In re Stocks, 2014 VT 27, ¶ 21 (quoting In re Miller, 2009 VT 36, ¶ 11); In re Manning, 2016 VT 53, ¶ 18 (quoting In re Miller, 2009 VT 36, ¶ 11); see also United States v. Tunning, 69 F.3d 107, 111 (6th Cir. 1995) (recognizing that "while the exact method of producing a factual basis on the record is subject to a flexible standard of review, the need to have some factual basis will continue to be a rule subject to no exceptions" (quotation and alteration omitted)). But see State v. Riefenstahl, 172 Vt. 597, 599, 779 A.2d 675, 678 (2001) (mem.) (finding substantial compliance with Rule 11, including Rule 11(f)); Pardue v. State, 215 S.W.3d 650, 656 (Ark. 2005) (recognizing under similar rule that substantial compliance with factual-basis requirement will suffice, and explaining that "requirement of a factual basis for a plea does not require that the appellant be proven guilty, but merely that there was sufficient evidence from which the trial court could conclude that the appellant would be found guilty, if he elected to proceed to trial").

¶ 52.    Although actual compliance with Rule 11(f) is required, there is no set method by which the trial court must satisfy itself that there is a factual basis for the charge. The rule "leaves to the judge the standard of probability of guilt to be applied, as well as the nature and depth of the inquiry." Reporter's Notes, V.R.Cr.P. 11 (citing ABA Minimum Standards § 1.6, Commentary); ABA Standards for Criminal Justice: Pleas of Guilty § 14-1.6, Commentary ("No attempt is made, in this standard, to specify a particular level of probable guilt for the factual basis inquiry. The matter is left largely to the discretion of the judge as the circumstances of the case will dictate both the degree and kind of inquiry that is necessary."); see also In re Stocks, 2014 VT 27, ¶ 15 (recognizing that there is no "particular formula for determining that there is a factual basis for the

---

As the concurrence points out, moreover, the majority's holding now apparently prohibits the entry of Alford pleas, which, rare as they might be, we have previously accepted and which the U.S. Supreme Court finds constitutionally acceptable.

32

plea"); Whitney, 156 Vt. at 303, 591 A.2d at 389 ("For the Rule 11(f) inquiry, 'no mechanical rules can be stated, and the more complex or doubtful the situation . . . , the more searching will be the inquiry dictated by a sound judgment and discretion.' " (citation omitted)); United States v. Delgado-Hernandez, 420 F.3d 16, 27 (1st Cir. 2005) ("When determining whether a sufficient factual basis exists to support a guilty plea, the question before the court is not whether a jury would, or even would be likely, to convict: it is whether there is enough evidence so that the plea has a rational basis in facts that the defendant concedes or that the government proffers as supported by credible evidence." (quotation omitted)).

¶ 53.    As is evident throughout our Rule 11 cases and those of the federal courts, "Rule 11 mandates no precise language or magic words; rather, it mandates an outcome." In re Brown, 2015 VT 107, ¶ 15 (citing McCarthy, 394 U.S. at 465). "We have always required a practical and functional application of V.R.Cr.P. 11—not as a technical formula, but rather as a guideline to insure fairness to a defendant in the taking of a plea." Cleary, 2003 VT 9, ¶ 32 (quotation and alteration omitted). The rule "was not intended to strait-jacket judges so as to prevent them from taking into account defendants' individual circumstances and limitations when trying to assure that their constitutional rights are protected." Id. As we warned in Cleary, "[i]f it reaches the point where it does so, it will be at cross-purposes with its original intent and will have outlived its usefulness." Id.

¶ 54.    With these principles in mind, it is evident that petitioner's argument in this case must fail. According to petitioner, the court could not find a factual basis for his guilty plea despite his agreement, on the record, that a factual basis existed. Petitioner's admission rested on facts outlined in law enforcement affidavits. We have specifically recognized that an affidavit may provide a sufficient factual basis for a plea of guilty if the court engages in "a confirming colloquy with the defendant." Yates, 169 Vt. at 27, 726 A.2d at 487. In addition to Yates, we have specifically held in other cases that a defendant's stipulation to the factual basis for the charge based on a police

officer's affidavit complied with Rule 11(f). See Cleary, 2003 VT 9, ¶¶ 29-30 (finding substantial compliance with Rule 11 where court asked defendant if he agreed that affidavit of investigating officer accurately stated what happened and defendant's attorney stated that "defendant would agree only that there was an attempted sexual assault, not a completed one as suggested in the affidavit," concluding that "the factual basis was in effect stipulated to and admitted by defendant"); Riefenstahl, 172 Vt. at 599, 779 A.2d at 678 (concluding that Rule 11 was satisfied where court asked defense counsel if it could use affidavit of probable cause as factual basis for plea, and defense counsel responded "yes"); see also ABA Standards § 14-1.6 (recognizing that appropriate method for establishing factual basis for plea includes accepting parties' stipulation on a set of facts). That is precisely what happened here.

¶ 55. Contrary to petitioner's suggestion, we did not hold in Yates that a court must read any affidavits into the record, or that a defendant must orally admit each specific fact contained in an affidavit. This would elevate form over substance, requiring the type of "magic words" that we have steadfastly rejected in the Rule 11 context. In re Brown, 2015 VT 107, ¶ 15. This was a plea agreement negotiated between the State and petitioner with the participation of petitioner's attorney; seventeen additional charges against petitioner were dismissed pursuant to the agreement. See Broadie v. State, 228 N.W.2d 687, 689 (Wis. 1975) ("Where[,] as here, the guilty plea is pursuant to a plea bargain, the court need not go to the same length to determine whether the facts would sustain the charge as it would where there is no negotiated plea."). The troopers' affidavits are part of the record. The affidavits contain, among other information, petitioner's detailed confession to the crimes. Petitioner expressed no confusion as to which law enforcement affidavits were being referenced. He engaged in a "confirming colloquy" with the judge as stated in Yates. He admitted, based on the police affidavits, that there was a factual basis for his plea. Cf. Stocks, 2014 VT 27, ¶ 18 (concluding that Rule 11(f) not satisfied where petitioner acknowledged only that he understood State's allegations reflected in the charges against him, but never affirmed that they were true). Now,

34

almost ten years after the fact, petitioner questions whether the court could find a "factual basis" for his pleas.

¶ 56. Petitioner's belated argument is further belied by the fact that he signed a written waiver of his rights in which he acknowledged, among other things, that he was "aware of the evidence to support the charge and any defenses which might be available to [him]." He expressed his understanding that "by pleading GUILTY, [he] admit[ted] the essential part of the offense with which [he] ha[d] been charged." He "ask[ed] the Court to accept [his] plea, making no claim of innocence." The court could rely on this document as additional support for its conclusion that a factual basis existed for petitioner's guilty pleas. I would overrule Manosh, 2014 VT 95, ¶ 23, to the extent it holds to the contrary.[17] We should not be endorsing an interpretation of the rule that essentially requires a trial court to ignore a defendant's express written acknowledgment that he understands the charges, that he has reviewed the nature of the evidence against him, and that he expressly acknowledges that there was a factual basis for the plea, particularly when these sentiments are confirmed on the record. These types of absurd results undermine public confidence in the Judiciary.

¶ 57. I emphasize, moreover, that it is the court, not the defendant, which must be satisfied under V.R.Cr.P. 11(f) that a factual basis exists for the pleas. See, e.g., 5 W. LaFave, et al., Crim. Procedure § 21.4(f) (4th ed.) (explaining that purpose of factual basis provision is for judge, who receives a plea of guilty "to make a determination regarding the accuracy of the plea");

---

[17] In In re Manosh, 2014 VT 95, ¶ 23, we overruled Morrissette "[t]o the extent that we suggested . . . that a waiver-of-rights form signed by a defendant can substitute for the court's personally addressing a defendant in open court for the purposes of Rule 11(c), (d) or (f), or that a defendant's one-word acknowledgement of signing and understanding the waiver form is a sufficient basis for the court's conclusion that the plea is knowing and voluntarily made." We found this approach "inconsistent with the requirements of Rule 11 and our more recent case law." Id. As indicated above, however, this standard is inconsistent with the standard under the federal rule on which our rule is based. Rule 11(f) does not require the court to personally address the defendant to satisfy itself that there is a factual basis for the plea.

cf. ante ¶ 24 (concluding that evidence fails to show that "petitioner understood the law underlying each charge in relation to the facts" (emphasis added)). There is no showing, on this record, that the court failed to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." McCarthy, 394 U.S. at 467. There is ample evidence here to show that petitioner's admitted conduct constitutes the crime of burglary, and the court properly satisfied itself that there was a factual basis for petitioner's guilty pleas. Under the circumstances described above, moreover, it strains credulity that petitioner did not know precisely the crimes to which he was pleading guilty and the facts that supported those charges, a large portion of which consisted of his prior admissions of guilt to law enforcement officials.

¶ 58. Whatever our Rule 11(f) jurisprudence might be, it should not become an avenue where a defendant makes a plea agreement, receives the benefit of the State's dismissal of some or many charges, and then years later claims he did not understand the factual basis for the charges to which he pleaded guilty. This deprives the State, if for no other reason than the passage of time, of a fair opportunity to litigate claims previously dismissed pursuant to a later-challenged plea agreement. It upsets the finality of decisions. This is particularly true in the PCR context, as the only time limit imposed on such requests is that the petitioner be "[a] prisoner who is in custody under sentence of a court." 13 V.S.A. § 7131. If we allow such challenges many years after the initial plea, fairness to the trial court dictates we should apply the law concerning the ascertainment of a factual basis as it existed at the time of the plea, not the under latest iteration of our Rule 11(f) jurisprudence.

¶ 59. Our case law concerning Rule 11(f), as set forth above, has been contradictory to this point. The concurrence acknowledges this. Ante ¶ 29. The majority's insistence that our case law has been consistent "with few exceptions" does not render it so. At the time that the plea was taken here, the trial court could have relied on our holding in Yates that "an affidavit may be a source of

36

facts to support the plea," and that petitioner's admission that these affidavits provided a factual basis satisfied the rule. 169 Vt. at 27, 726 A.2d at 488. It could have relied on Cleary, 2003 VT 9, ¶ 29, where we found a sufficient factual basis based on the admission of defendant's attorney, which in turn rested on a portion of a police officer's affidavit, or on Rienfenstahl, 172 Vt. at 599, 779 A.2d at 678, where we found a sufficient factual basis based on defense counsel's agreement that the affidavit of probable cause provided a factual basis for the plea. It could have relied on Dunham, 144 Vt. at 450, 479 A.2d at 148, and concluded that the record showed sufficient facts to satisfy each element of the offense. It could have relied on the plain language of the rule itself, or looked to the Reporter's Notes to our rule, which specifically provide that the court can look to a variety of sources in determining the existence of a factual basis. It might have consulted various treatises interpreting the analogous federal rule. Its colloquy was consistent with all of these sources.

¶ 60.    The trial court could not, however, have relied on Stocks, and subsequent case law, which came well after the plea was accepted here. The majority has not explicitly considered the question of whether its decision should be retroactively applied, nor has it grappled with the decision's far-reaching implications. I expect we will soon see a spate of collateral challenges to very old criminal convictions on "factual basis" grounds, relying on Stocks, 2014 VT 27, and the majority opinion here. The State's ability to successfully prosecute those cases again, many years after the initial conviction on a guilty plea, will be seriously compromised. There is no sound reason for this result, which I strongly believe we will soon come to regret. In my view, the finality of criminal convictions and public confidence in the criminal justice system itself are undermined by the majority's approach, however well-intentioned that approach might be.

¶ 61.    Lastly, even if we ignore the question of retroactivity, the appropriate remedy here should not be a remand to allow petitioner to withdraw his guilty pleas. Instead, if, as the majority concludes, "the record does not include sufficient information from which the district court could find a factual basis for the guilty plea, the appropriate remedy is to remand to the [trial] court for

further proceedings to create the appropriate record." Tunning, 69 F.3d at 115. That is because "Rule 11(f) establishes a requirement for the [trial] court, that is, it must satisfy itself that a sufficient factual basis exists." Id. (emphasis added). "Where . . . the record is not one upon which the [trial] court could have satisfied itself, then the appropriate remedy is to remand the case with instructions to further develop the record." Id.; see also State v. Schminkey, 597 N.W.2d 785, 792 (Iowa 1999) (explaining that where "it is possible that a factual basis could be shown," appropriate remedy is "merely to vacate the sentence and remand for further proceedings to give the State an opportunity to establish a factual basis"). At the very least, because the majority remands this case to allow petitioner to withdraw his pleas, it should be clear the State is under no obligation to honor any previously negotiated agreement and that the State may now chose to prosecute all charges that were dismissed pursuant to the plea agreement. If the pleas are withdrawn, so is the agreement which led to them.

¶ 62.    The strong dissent in Manosh emphasized that we must continue to embrace "a practical and functional application" of Rule 11's requirements, rather than "a mechanical approach." 2014 VT 95, ¶ 25 (Skoglund, J., dissenting) (quotation omitted). I agree wholeheartedly. It remains true that "matters of reality, and not mere ritual, should be controlling." Id. ¶ 32 (Skoglund, J., dissenting) (quotation omitted). Unfortunately, I believe ritual has prevailed over reality in this instance. As set forth above, petitioner fails to show any "fundamental errors" that rendered his convictions defective, and thus, there are no grounds to vacate his guilty pleas. I would affirm the trial court's decision.

¶ 63.    I am authorized to state that Chief Justice Reiber joins this dissent.

---

Associate Justice

38